PEOPLE v CHAMBLIS

1. ROBBERY—ARMED ROBBERY—ELEMENTS OF ARMED ROBBERY—STAT-
   UTES.

   The essential elements of armed robbery are: that the defendant
   committed an assault upon the complainant, that the defendant
   feloniously took some property which might be the subject of
   larceny from the complainant or in his presence, and that the
   defendant was armed with a weapon described in the statute
   (MCLA 750.529).

2. ROBBERY—LESSER INCLUDED OFFENSES—LARCENY FROM THE PER-
   SON.

   Larceny from the person is an included offense in indictments for
   robbery.

3. ROBBERY—LESSER INCLUDED OFFENSES—CONVICTIONS—VIOLENCE.

   A conviction of a lesser offense than robbery may occur only
   where violence or threats of violence cannot be shown.

4. CRIMINAL LAW—EVIDENCE—LESSER INCLUDED OFFENSES—QUESTION
   OF FACT—ELEMENTS OF OFFENSE.

   There is no evidence tending to support a lesser included offense
   unless a question of fact exists with regard to an element of the
   greater offense that is not an element of the included offense.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
   FENSES—EVIDENCE.

   A court may not instruct the jury in a criminal trial on any of
   the lesser included offenses where the evidence presented rela-
   tes only to the greater offense.

6. ROBBERY—ARMED ROBBERY—INSTRUCTIONS TO JURY—LESSER IN-
   CLUDED OFFENSES—LARCENY FROM THE PERSON—EVIDENCE.

   An instruction to the jury in an armed robbery case on the lesser
   included offense of larceny from the person was not supported
   by the evidence where the evidence was uncontroverted that

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery § 4.
[2–7] 21 Am Jur 2d, Criminal Law §§ 185, 494.

the complainant was assaulted by the defendant, and uncontra-
dicted testimony was introduced that the defendant was armed
with a dangerous weapon; the jury should have returned a
verdict of either guilty or not guilty of armed robbery.

7. Criminal Law—Verdict—Lesser Included Offenses—Greater
     Offense—Acquittal—Implied Acquittal.

  A jury verdict convicting a defendant of a lesser offense included
    within the offense charged operates as an implied acquittal of
    the greater offense.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 March 13, 1975,
at Detroit. (Docket No. 20569.) Decided April 28,
1975. Leave to appeal applied for.

Trent L. Chamblis was convicted of larceny from
the person. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, *Patricia J. Boyle,*
Principal Attorney, Research, Training and Ap-
peals, and *Robert A. Reuther,* Assistant Prosecut-
ing Attorney, for the people.

*Charles T. Burke,* for defendant on appeal.

Before: R. B. Burns, P. J., and T. M. Burns and
R. M. Maher, JJ.

T. M. Burns, J. Defendant Trent Chamblis, orig-
inally charged with armed robbery, MCLA
750.529; MSA 28.797, was convicted by a jury on
March 15, 1974, of larceny from the person. MCLA
750.357; MSA 28.589. He was sentenced to serve
one to ten years in prison on April 5, 1974. The
only issue raised on appeal is whether it was error
for the trial court to instruct the jury on the lesser

included offenses of unarmed robbery and larceny from the person.

Early in the evening on October 24, 1973, the complainant, James Hall, and defendant had an argument centering around the fact that Hall did not want the defendant at his home while he was at work and his girl friend was there alone. During this argument, Hall allegedly hit the defendant in the head with a cane. The defendant then left the Hall home, returned to his own home, and told his brother, Ralph Denham, that Hall had struck him with the cane.

Later that evening, defendant returned to Hall's home with his brother and another man. They knocked at the front door, but rather than admit them, Hall called the police. Hall testified that when he saw the three men go to the back of his house he attempted to prevent their entry by bracing himself against the back door. His attempt was unsuccessful because the back door was kicked in, and Denham, defendant and the third man entered the home.

Denham then hit Hall across the side of the head with a pistol, rendering him momentarily unconscious. Hall testified that when he came-to he went into the livingroom and saw Denham counting some money. He also testified that before the men entered the house he had about $180 in his pocket. Further testimony also revealed that defendant struck Hall on the head with a cane that Hall had in his house.

Defendant testified in his own behalf and admitted striking Hall with the cane. However, he denied that either he or his brother took money from Hall, testifying instead that after he struck Hall with the cane, Hall voluntarily gave the money to the defendant and his brother.

Defense counsel requested the trial court to limit the jury's verdict to either guilty or not guilty of armed robbery so that a compromise verdict would not be reached. The trial court denied the request and instructed the jury on the lesser included offenses of unarmed robbery and larceny from a person. This appeal followed.

Under MCLA 750.529; MSA 28.797, the essential elements of armed robbery are: (1) that the defendant committed an assault upon the complainant; (2) that the defendant feloniously took some property, which might be the subject of larceny, from the complainant or in his presence; and (3) that the defendant was armed with a weapon described in the statute. See *People v McGuire,* 39 Mich App 308, 313; 197 NW2d 469 (1972).

Larceny from the person is an included offense in indictments for robbery. A conviction of a lesser offense than robbery may occur only where violence or threats of violence cannot be shown. *People v Tolliver,* 46 Mich App 34, 37; 207 NW2d 458 (1973), *People v Gould,* 15 Mich App 83, 87; 166 NW2d 530 (1968).

Defendant contends that in order for a trial court to instruct the jury on included offenses there must be evidence introduced in support of the lesser crimes. We agree. Unless a question of fact exists with regard to an element of the greater offense that is not an element of the included offense, there is no evidence tending to support the lesser included offense. *People v Hodo,* 51 Mich App 628, 640; 215 NW2d 733 (1974), *People v Loncar,* 4 Mich App 281; 144 NW2d 801 (1966), *lv den* 379 Mich 760 (1967). Consequently, where the evidence presented relates only to the greater offense, an instruction on any of the lesser included offenses cannot be given. *People v Tol-*

*liver, supra, People v Loncar, supra, People v Milhem,* 350 Mich 497; 87 NW2d 151 (1957).

In *People v Tolliver, supra,* the defendant was charged with unarmed robbery and convicted by a jury of larceny from the person. The sole question raised on appeal was whether it was error for the trial court to instruct the jury on the lesser included offense of larceny from the person. In reversing the conviction and ordering the defendant discharged, this Court stated at p 38; 207 NW2d 460:

"This Court has ruled that in order to warrant an instruction on any legally possible included offense, the offense must be included both legally and factually. *People v Carabell,* 11 Mich App 519, 524; 161 NW2d 776 (1968). In the instant case, there was no evidence that there was merely a taking of personal property from the complainant. Uncontradicted testimony was introduced that the complainant was attacked with force and violence by the perpetrator of the crime. The evidence in this case does not support an instruction of a lesser included offense."

The Court then went on to conclude that:

"It was the jury's duty to either return a verdict of guilty or innocent of unarmed robbery, depending upon whether they believed that the complainant correctly identified the defendant as being his assailant. *To permit a conviction of the lesser included crime of larceny from the person to stand is to indorse a compromise verdict unsupported by the evidence.*" 46 Mich App 34, 39; 207 NW2d 460, 461 (1973). (Emphasis added.)

The same situation is present here. In this case there was no evidence that there was merely a taking of personal property from the person of the complainant. Here the evidence was uncontroverted that Hall was assaulted by defendant. Fur-

thermore, uncontradicted testimony was introduced that defendant was armed with a dangerous weapon. Therefore, an instruction on a lesser included offense was not supported by the evidence. The jury should have returned a verdict of either guilty or innocent of armed robbery. As in *Tolliver,* "[t]o permit a conviction of the lesser included crime of larceny from the person to stand is to indorse a compromise verdict unsupported by the evidence".

Since the jury's verdict convicting defendant of the lesser offense operates as an implied acquittal of the greater offense, *People v McMiller,* 389 Mich 425, 430; 208 NW2d 451 (1973), the defendant must be discharged.

Reversed and defendant ordered discharged.