PEOPLE v CHAMBLIS

Docket No. 56978. Decided December 18, 1975. Rehearing denied 396
    Mich 976.

Trent L. Chamblis was convicted by a jury in Recorder's Court of
    Detroit, Joseph A. Gillis, J., of larceny from the person. Defend-
    ant was charged with armed robbery and, over defense coun-
    sel's express objection, the jury was instructed on the lesser
    included offenses of unarmed robbery and larceny from the
    person. The Court of Appeals, R. B. Burns, P. J., and T. M.
    Burns and R. M. Maher, JJ., reversed and ordered defendant
    discharged, concluding that there was no evidence produced to
    establish the crime of which defendant was convicted and that
    the jury should have returned a verdict of either guilty or not
    guilty of armed robbery (Docket No. 20569). The people appeal.
    *Held:*

    1. There was competent evidence from which the jury could
    have inferred that the crime of larceny from the person was
    committed, and the Court of Appeals was in error in concluding
    otherwise.

    2. It is the duty of the trial court to instruct the jury as to
    the law applicable to the case. Neither the defense nor the
    prosecution may preclude the court from carrying out this duty
    in the hope of forcing an "all or nothing" verdict. The trial
    judge *may* instruct *sua sponte* on a lesser offense where there is
    evidence on the record which would support a conviction of the
    lesser offense and defendant has been afforded fair notice of the
    lesser included offense by the language of the charging docu-
    ment. There is no fair notice problem in a case such as this
    where the lesser offense is necessarily included in the greater.

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5, 10, 11, 14–17] 75 Am Jur 2d, Trial §§ 712 *et seq.,* 876, 877.
    Duty in instructing jury in criminal prosecution to explain and
    define offense charged. 169 ALR 315.
[4] 75 Am Jur 2d, Trial § 876 *et seq.*
[6] 67 Am Jur 2d, Robbery §§ 4, 7, 20–22.
[7, 8, 12] 67 Am Jur 2d, Robbery §§ 2, 7.
[8] 67 Am Jur 2d, Robbery § 72.
[9] 75 Am Jur 2d, Trial §§ 883, 885, 886.
[13] 75 Am Jur 2d, Trial § 656 *et seq.*
[15] 75 Am Jur 2d, Trial § 609.

3. Even though the evidence for the people, if believed, shows the defendant to be guilty of the offense charged, a conviction of a lesser offense is not precluded. The jury is free to believe as much or as little of the evidence as it wishes, even though the evidence is undisputed.

4. Unarmed robbery and larceny from the person are necessarily included offenses in armed robbery, and on the evidence presented, including the defendant's explanation of the events, the jury could properly find the defendant guilty of larceny from the person on an information charging armed robbery.

5. Whenever the court instructs the jury on lesser offenses, it makes possible compromise verdicts, but at some point both the defendant and the prosecution should be able to prevent any further potential for compromise. The cause of justice is not well served by charging a serious crime and convicting of a much lower offense; therefore, as a matter of policy, in any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct the jury on lesser included offenses for which the maximum allowable period of incarceration is one year or less.

Reversed and conviction reinstated.

Coleman, J., concurred on the grounds that the judge alone has the authority to decide what instructions are to be submitted to the jury, although the advice of counsel may be requested by the court. A judge is not restricted in his charge by counsel's demand that the jury consider only the offense charged. However, she agreed with the dissent that the policy is unsound which would prevent instructing the jury on offenses punishable by a year or less when the principal charge may be punished by incarceration for more than two years.

Lindemer, J., dissented on the grounds that instructions on lesser included offenses need not be given over defense counsel's objection, even where the evidence presented would support instructions on lesser included offenses. There may be times when an attorney, to protect his client's interests in not having a compromise verdict, must insist that an "all or nothing" choice be made. He also disagreed with the discussion of instructions on lesser included cognate offenses, with the rule cutting off instructions on lesser included offenses punishable by less than one year when the charged offense is punishable by incarceration for more than two years, and with the policy limitations on the extent a jury may be allowed to compromise as dicta.

60 Mich App 721; 231 NW2d 527 (1975) reversed.

1. Criminal Law—Instructions to Jury—Lesser Included Offenses—Objection.

Defense counsel's objection to the giving of instructions to the jury on lesser included offenses is not controlling: it is the duty of the trial court to instruct the jury as to the law applicable to the case, and neither the defense nor the prosecution has the option of precluding the court from carrying out this duty in hopes of forcing an "all or nothing" verdict (MCL 768.29; MSA 28.1052).

2. Criminal Law—Instructions to Jury—Lesser Included Offenses—Fair Notice.

A trial judge *may* instruct the jury *sua sponte* on a lesser included offense where evidence is adduced at trial which would warrant conviction of the lesser offense and the defendant has been afforded fair notice of the lesser included offense by the language of the charging document; there is no fair notice problem presented in a case where the lesser offense is necessarily included in the greater.

3. Criminal Law—Instructions to Jury—Lesser Included Offenses—Request to Charge.

A defendant is not precluded from or limited in requesting an instruction to the jury on a cognate lesser included offense justified by the evidence adduced at trial, even where the specific language of the charging document does not mention each fact required to convict of the lesser offense.

4. Criminal Law—Instructions to Jury—Lesser Included Offenses—Evidence.

A trial judge's right and obligation to charge the jury on lesser included offenses does not depend upon whether there is a conflict or rebuttal or impeachment of the people's evidence; in determining whether to instruct on a lesser included offense, the judge should recognize the jury's right to believe or disbelieve any or all of a witness's testimony.

5. Criminal Law—Instructions to Jury—Lesser Included Offenses.

A requested instruction on a lesser included offense must be given if, had the defendant been originally charged only with the lesser offense, the evidence adduced at trial would have supported a verdict of guilty on that charge.

6. ROBBERY—UNARMED ROBBERY—ELEMENTS OF CRIME.

Elements of a crime are, by definition, positive; the *absence* of the element of use of a weapon is not a distinct, separate element of the crime of unarmed robbery, so that "robbery" and "unarmed robbery" are the same offense, a necessarily lesser included offense of armed robbery (MCL 750.529, 750.530; MSA 28.797, 28.798).

7. ROBBERY—LESSER INCLUDED OFFENSES—LARCENY FROM THE PERSON.

Larceny from the person embraces the taking of property in the possession and immediate presence of the victim, and robbery is committed only when there is larceny from the person with the additional element of violence or intimidation; hence every robbery necessarily includes larceny from the person and every armed robbery necessarily includes both unarmed robbery and larceny from the person as lesser included offenses (MCL 750.357, 750.529, 750.530; MSA 28.589, 28.797, 28.798).

8. ROBBERY—LESSER INCLUDED OFFENSES—LARCENY FROM THE PERSON —INSTRUCTIONS TO JURY.

A defendant who was charged with armed robbery was properly convicted of larceny from the person where the trial judge, over defense counsel's express objection, instructed the jury on the lesser included offenses of unarmed robbery and larceny from the person and there was evidence produced to establish the crime of which defendant was convicted (MCLA 750.357, 750.529, 750.530).

9. CRIMINAL LAW—LESSER INCLUDED OFFENSES—COMPROMISE VERDICTS.

Whenever a court instructs the jury on lesser included offenses, it makes possible compromise verdicts, but the exercise of power by the jury in convicting of a lesser offense than may be justified by the court's view of the evidence is another instance of the discretion we see in the daily exercise of power by magistrates, judges, prosecutors and police officers who divert and screen out apparently guilty persons from the full strictures of the law.

10. CRIMINAL LAW—LESSER INCLUDED OFFENSES—MISDEMEANORS.

The reasons for the common-law rule that one accused of a felony could not be convicted of a misdemeanor included offense have disappeared, and it is now generally held that under an indictment for a felony, conviction may be had of any lesser included offense, including a misdemeanor.

11. CRIMINAL LAW—LESSER INCLUDED OFFENSES—MISDEMEANORS—
      POLICY.

The cause of justice is not well served by charging a serious crime
and convicting of a much lower offense; therefore, as a matter
of policy, in any case wherein the charged offense is punishable
by incarceration for more than two years, the court, whether or
not requested, may not instruct the jury on lesser included
offenses for which the maximum allowable period of incarcera-
tion is one year or less.

CONCURRING OPINION

COLEMAN, J.

12. ROBBERY—ARMED ROBBERY—LESSER INCLUDED OFFENSES—LAR-
      CENY FROM THE PERSON.

*Unarmed robbery and larceny from the person are necessarily
lesser included offenses of armed robbery; it is the "taking of
any money or other property, which may be the subject of
larceny" which distinguishes this offense from the varieties of
assault (MCL 750.529, 750.530, 750.357; MSA 28.797, 28.798,
28.589).*

13. CRIMINAL LAW—INSTRUCTIONS TO JURY.

*The judge alone has the authority to decide what instructions are
to be submitted to the jury, although the advice of counsel may
be requested.*

14. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
      FENSES.

*A judge, upon request of defense counsel, may instruct the jury
only on the principal charge and omit instructions on lesser
included offenses but the judge is not restricted in his charge
by counsel's request that the jury consider only the offense
charged.*

DISSENTING OPINION

LINDEMER, J.

15. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
      FENSES—OBJECTION BY DEFENDANT.

*The informed choice of defense counsel to restrict attention to the
principal charge by objecting to proposed instructions on lesser
included offenses has not been foreclosed by case law or statute.*

16. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO
   JURY.

   *The statute allowing a jury to find the accused not guilty of an
   offense in the degree charged in the indictment while still
   allowing a guilty verdict of any lesser degree of the charged
   offense does not speak to jury instructions on lesser included
   offenses, nor does the statute requiring instructions on the law
   applicable to the case mandate what law is applicable (MCL
   768.29, 768.32; MSA 28.1052, 28.1055).*

17. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO
   JURY.

   *In the context of our adversary system of justice, there may be
   times when, for an attorney to protect his client's interests, he
   must insist that an "all or nothing" choice be made and his
   request that instructions on lesser included offenses not be
   given should bind the trial court.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training & Appeals, and *Rob-
ert A. Reuther,* Assistant Prosecuting Attorney,
for the people.

*Charles Burke,* for defendant on appeal.

T. G. KAVANAGH, C. J. The application by
plaintiff-appellant for leave to appeal is considered
and, in lieu of appeal, pursuant to GCR 1963,
853.2(4), this Court hereby reverses the decision of
the Court of Appeals and reinstates defendant's
conviction of the crime of larceny from the person.

Defendant was charged with armed robbery[1] and
had a jury trial before Recorder's Court Judge
Joseph A. Gillis. Over defense counsel's objection,
the jury was instructed on the lesser included
offenses of unarmed robbery[2] and larceny from the

---

[1] MCLA 750.529; MSA 28.797.
[2] MCLA 750.530; MSA 28.798.

person.[3] The jury found defendant guilty of the larceny offense and a sentence of from one to ten years imprisonment was imposed. The Court of Appeals reversed the conviction, concluding that there was no evidence produced to establish the crime for which defendant was convicted, and that the jury should have returned a verdict of either guilty or not guilty of armed robbery.[4]

The complaining witness testified that during the afternoon of October 24, 1973 he and the defendant had an argument over some "paraphernalia" that had been brought into complainant's house. Later that evening he saw defendant and two other men approaching his house. Fearful of what they were going to do, he called the police. The men went around to the back of the house and, although the victim tried to hold the door shut, the trio broke it down and forced their way in. Defendant came through the doorway second. The first man through said something to complainant and then struck him across the head with a pistol, knocking him unconscious. The complainant said that when he regained consciousness, he saw the first man counting money in his hand. After complainant ran into the living room, the first individual gave defendant the gun and picked up a cane that was in the room and struck complainant with it. The police then arrived, saw the defendant passing money to the first man, and arrested the men upon the victim's representations that he had just been robbed of some $180 that had been in his pocket.

Defendant took the stand and testified that during the afternoon argument the complainant had hit him with the cane. When defendant told his

[3] MCLA 750.357; MSA 28.589.

[4] 60 Mich App 721; 231 NW2d 527 (1975).

older brother about the incident, his brother became furious and insisted, over defendant's objection, on going over to the complainant's house. Defendant maintained that he did not want to go, that he did not know his brother had a pistol, and that he did not intend nor expect that anyone would be robbed. He testified that he was still at the front of the house when the other two broke into the back. Defendant did say that he was the one who hit the complainant with the cane and explained his possession of the money by saying that the complainant voluntarily gave it to him.

I.

Defense counsel's objection to the giving of the instruction on lesser included offenses is not controlling. It is the duty of the trial court to instruct the jury as to the law applicable to the case. MCLA 768.29; MSA 28.1052. Neither the defense nor the prosecution has the option of precluding the court from carrying out this duty in hopes of forcing an "all or nothing" verdict.

In *Hanna v People,* 19 Mich 316 (1869), defendant was charged with assault with intent to commit murder. Defense counsel requested the trial court to charge the jury: "That if they should find the said respondent not guilty of the offense charged in said information, they must acquit him". The court refused this request. The prosecutor requested an instruction on the lesser offense of assault and battery, and the judge so charged. The jury found defendant "not guilty of assault with intent to kill * * * but guilty of assault and battery".

This Court affirmed the conviction, holding that the statute allowing conviction for lesser included offenses (now MCLA 768.32; MSA 28.1055) "must

\* \* \* be construed as extending to all cases in
which the statute has substantially, or in effect,
recognized and provided for the punishment of
offenses of different grades, or degrees of enormity,
wherever the charge for the higher grade includes
a charge for the less". *Id.* at 322.

In *People v Milhem,* 350 Mich 497; 87 NW2d 151
(1957), defendant was charged with first degree
murder. At trial, testimony was presented which
could have substantiated a verdict of guilty on
that charge. The trial judge also instructed the
jury on second-degree murder and manslaughter,
as well as justifiable and excusable homicide. De-
fense counsel took exception to the charge on
manslaughter, claiming that no competent testi-
mony upon which a verdict of guilty of manslaugh-
ter could be based had been presented. Defendant
was convicted of manslaughter, and this Court
affirmed after determining that such a verdict was
supported by the evidence.

In *People v Phillips,* 385 Mich 30, 36–37; 187
NW2d 211 (1971), no requests to charge on lesser
offenses were made by defendants Phillips and
Lengyel. Defendant Lee did make such a request.
Nonetheless, the trial judge instructed as to all
three defendants on the lesser included offenses.
This Court held:

"This was not error. Where no request to charge has
been made but there is evidence during the trial which
would support a conviction of a lesser offense, the trial
judge may, *sua sponte,* instruct on the lesser offense.
*People v Milhem* \* \* \* . Even though the evidence for
the people, if believed, shows the defendant to be guilty
of the offense charged, this does not preclude a convic-
tion of a lesser offense. *People v Blanchard* (1904), 136
Mich 146 [98 NW 983] \* \* \* ."

We adopt the view expressed by the California

Supreme Court in *People v St Martin,* 1 Cal 3d 524, 533; 83 Cal Rptr 166, 170; 463 P2d 390, 394 (1970):

"The requirement of instructions on lesser included offenses is based on the elementary principle that the court should instruct the jury on every material question. * * * The state has no interest in a defendant obtaining an acquittal where he is innocent of the primary offense charged but guilty of a necessarily included offense. Nor has the state any legitimate interest in obtaining a conviction of the offense charged where the jury entertains a reasonable doubt of guilt of the charged offense but returns a verdict of guilty of that offense solely because the jury is unwilling to acquit where it is satisfied that the defendant has been guilty of wrongful conduct constituting a necessarily included offense. Likewise, a defendant has no legitimate interest in compelling the jury to adopt an all or nothing approach to the issue of guilt. Our courts are not gambling halls but forums for the discovery of truth."

We do not say here that a trial judge *must* instruct *sua sponte* on a lesser included offense,[5] but simply that he *may* do so if the evidence adduced at trial would warrant conviction of the lesser charge and defendant has been afforded fair notice of those lesser included offenses.[6]

[5] In *People v Henry,* released today, it was held that there is no requirement that the court instruct *sua sponte* on lesser included offenses, with the sole exception of all first-degree murder cases, wherein an instruction must be given on second-degree murder. 395 Mich 367; 236 NW2d 489 (1975). *See also, People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975).

[6] "In addition to close identity of the elements of the lesser offense to those of the greater * * * there must be sufficient notice to the defendant when the indictment charges only the greater offense, to enable him to know that he may face a charge of the lesser offense as well." *United States v Brewster,* 165 US App DC 1, 13; 506 F2d 62, 74 (1974).

There are, of course, no "fair notice" problems presented in a case such as this, where the lesser offense is one "necessarily included" within the greater. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

Every defendant charged with armed robbery must necessarily be prepared to defend against the included charges of unarmed robbery and larceny from the person.

We can perceive of situations, however, where instructions on lesser included offenses categorized as "cognate" might violate a defendant's right to be adequately apprised of the charges against which he must defend.

"As a caveat, we note that in a situation where the lesser included offense statute under which a defendant was convicted is relatively remote textually from the greater offense statute under which he was charged or where the logical connection between the statutes is not so obvious or well established, we might well hold that the lesser included offense conviction could not stand for want of proper notice in the indictment. In such a situation, our holding would depend on the precise record of the case and the terms of the specific statutes involved." *United States v Brewster,* 165 US App DC 1, 14, fn 32; 506 F2d 62, 75, fn 32 (1974).

To assure defendant's due-process rights to fair notice, the trial judge may not instruct on lesser included offenses over defendant's objection unless the language of the charging document "be such as to give the defendant notice that he could at the same time face the lesser included offense charge". *United States v Whitaker,* 144 US App DC 344, 350; 447 F2d 314, 320 (1971).[7]

We in no way preclude or limit the *defendant*

---

[7] We intend by this no change in the law regarding amendments to an indictment or information.

from requesting an instruction on a cognate lesser included offense justified by the evidence adduced at trial, even where the specific language of the charging document does not mention each fact required to convict of the lesser offense.

"The defense ought not to be restricted by the stringent constitutional limits upon the prosecutor's right. If the proof at trial would support a finding of guilt on a lesser included offense * * * , doubt as to whether the prosecutor could rightfully have requested such a charge should not bar the charge being given at the request of the defense. This gives no unfair option to the defense over the prosecution. In most cases the prosecution can foresee whether the proof is likely to develop strongly favoring a verdict on a lesser included offense, in which event the indictment should so charge, which is the prosecutor's option." *United States v Whitaker*, 144 US App DC 344, 351; 447 F2d 314, 321 (1971).

## II.

When does the "evidence adduced at trial" warrant conviction of the lesser charge?

The duty of the trial court to instruct on lesser included offenses is determined by the evidence. *People v Phillips, supra.* While there has been little dispute over the correctness of that rule, there is much disagreement over what the rule means when applied to a particular factual situation. *People v Gregory Thomas*, 38 Mich App 777, 779; 197 NW2d 97, 98 (1972), states:

"The rule is that entitlement to a charge on a lesser included offense largely turns on whether, on view of the evidence favorable to the defendant, there is evidence which would *justify the jury* in concluding that the greater offense was *not* committed and a lesser included offense was committed." (Emphasis added).

The emphasized language highlights the issue. The jury is the sole judge of all of the facts presented. It may choose to believe or disbelieve any or all of the evidence. That is the essence of the right to a jury trial. To speak of a requirement that the jury "justify" its conclusion that the defendant is not guilty of the higher charge before "allowing" it to convict of the lesser is antithetical to the nature of a jury trial. See *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975).

Directed verdicts of guilt in criminal jury trials are forbidden by the Sixth and Fourteenth Amendments:

"Once a plea of not guilty is entered, the defendant 'has an absolute right to a jury determination upon all essential elements of the offense. This right, emanating from the criminal defendant's constitutional right to trial by jury, is neither depleted nor diminished by what otherwise might be considered the conclusive or compelling nature of the evidence against him * * * . [F]urthermore, in a situation wherein an understandingly tendered waiver is not forthcoming from the defendant, under no circumstances may the trial court usurp this right by ruling as a matter of law on an essential element of the crime charged.' " *People v Reed, supra* at 349.

Because the jury is the sole judge of *all* the facts, it can choose, without any apparent logical basis, what to believe and what to disbelieve. What may appeal to the judge as "undisputed" need not be believed by a jury.

"When [defendant] exercised his constitutional right to a jury, he put the government to the burden of proving the elements of the crimes charged to a jury's satisfaction, not to ours or to the district judge's."

*United States v Howard,* 506 F2d 1131, 1134 (CA 2, 1974).[8]

Certainly no one would deny the jury's absolute right to disbelieve *all* the "undisputed evidence" and acquit the defendant altogether. A "jury has the power to bring in a verdict in the teeth of both law and facts". *Horning v District of Columbia,* 254 US 135, 138; 41 S Ct 53; 65 L Ed 185 (1920).

"It is the policy of the law to allow juries a latitude which is not hemmed in by absolute logic. Many considerations enter into a jury's verdict which cannot be itemized and weighted in a chart of legal instructions. A jury is expected to stay within the bounds of reason, yet they may indulge tender mercies even to the point of acquitting the plainly guilty. Similarly they may, on almost any excuse, convict of a lower degree of crime although conviction of a higher degree is clearly warranted." *People v Clemente,* 285 App Div 258, 264; 136 NYS2d 202, 207 (1954).

The judge may not instruct the jury that if it

[8] In *Duncan v Louisiana,* 391 US 145, 156; 88 S Ct 1444; 20 L Ed 2d 491 (1968), the United States Supreme Court reaffirmed the faith that our entire Republic has in the jury as an institution:

"The framers of the constitutions strove to create an independent judiciary but insisted upon further protection against arbitrary action. Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge. If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it. Beyond this, the jury trial provisions in the Federal and State Constitutions reflect a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges. Fear of unchecked power, so typical of our State and Federal Governments in other respects, found expression in the criminal law in this insistence upon community participation in the determination of guilt or innocence. The deep commitment of the Nation to the right of jury trial in serious criminal cases as a defense against arbitrary law enforcement qualifies for protection under the Due Process Clause of the Fourteenth Amendment, and must therefore be respected by the States."

believes a witness' evidence on one element it must believe that witness' evidence as to another element, even though in the judge's view any other finding would be inconsistent or illogical.

"The rule that a directed verdict of guilty is invalid is enforced no matter how conclusive the evidence in the case may be. While the judge in this case did not direct a verdict of guilty in form, that is the substantive effect of the instruction given. The rule against directed verdicts of guilt includes perforce situations in which the judge's instructions fall short of directing a guilty verdict but which nevertheless have the effect of so doing by eliminating other relevant considerations if the jury finds one fact to be true. As the Supreme Court said in *Bollenbach v United States,* 326 US 607, 614; 66 S Ct 402, 406; 90 L Ed 350 (1946), 'the question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury according to the procedure and standards appropriate for criminal trials * * * '." *United States v Hayward,* 136 US App DC 300, 302; 420 F2d 142, 144 (1969).

The judge's right and obligation to charge does not depend upon whether there is a conflict or rebuttal or impeachment of the people's evidence. In determining whether to instruct on a lesser included offense, the judge should recognize the jury's right to believe or disbelieve any or all of a witness' testimony.

"Admitting that the jury could possibly accept the state's evidence in part and reject it in part, it would seem that, in most cases, convicting defendant of the lesser offense while finding him not guilty of the greater would be a possibility. If this view of the jury function is taken, it becomes apparent that virtually every case will involve possible convictions on lesser offenses. So, although the only evidence in the case is presented by the state, the logical application of the doctrine of lesser offenses and of the independent evi-

dence test would require that an instruction be given.
Likewise, in the case where the defense is an 'affirma-
tive' one such as insanity or an alibi, most states allow
alternative pleas of general denial of the act. Thus,
although the jury completely rejects the defense, it can
still reject part of the state's evidence and convict of a
lesser offense. Even when the only evidence in the case
is the testimony of one witness, the jury might theoreti-
cally convict of a lesser offense on the ground that it
believes only a part of his testimony." Comment, *Jury
Instructions On Lesser Included Offenses,* 57 Nw U L
Rev 62, 67 (1962).

The fact that the evidence would also support
conviction of the greater charged offense does not
preclude the giving of the lesser included offense
instruction.

In determining whether the instruction should
be given, the trial court should consider whether,
if the defendant had been originally charged only
on the lesser offense, the evidence adduced at trial
would have supported a guilty verdict on that
charge. If it would have, the requested instruction
must be given.

"The court instructed the jury that they could find all
or any of the defendants guilty of murder in the second
degree or not guilty. She persisted in her refusal to give
the requested instruction on manslaughter and the
requested instruction on assault with intent to do great
bodily harm less than murder, explaining her refusal
by her analysis of the evidence. This was error for the
evidence would have supported a verdict on *either of
these* crimes." *People v Fountain,* 392 Mich 395, 402;
221 NW2d 375 (1974). (Emphasis added).

In *People v Ora Jones,* 395 Mich 379; 236 NW2d
461 (1975), released today, we set out the definition
of lesser included offenses. If the lesser offense is of
the same class or category, or closely related to

the originally charged offense, so as to provide fair notice to the defendant that he will be required to defend against it, the lesser offense is or may be included within the greater. Unarmed robbery is a lesser included offense of armed robbery. It is armed robbery *absent* the element of use of a weapon. If there is evidence to allow the case to go to the jury on the higher armed robbery offense, there must necessarily be evidence adduced at trial to support a charge of unarmed robbery.

If the prosecutor had initially charged defendant with larceny from the person, would the evidence produced at trial sustain a jury verdict of guilty of that charge? If it would, the instruction was properly given.

The offense of larceny from the person is defined in the statute as follows:

"Any person who shall commit the offense of larceny by stealing from the person of another shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years." MCLA 750.357; MSA 28.589.

Larceny from the person is "robbery" *absent* the element of force.

Part of the confusion concerning lesser included offenses appears to result from analysis which treats as positive elements of a crime such negative concepts as "unarmed". Considered in the context of lesser included offenses, "unarmed" is the *absence* of the element of use of a weapon. It is not a distinct, separate element. Elements are, by definition, positive. A negative element of a crime is a contradiction in terms. Adding the description "unarmed" to robbery adds nothing. "Robbery" and "unarmed robbery" are the same offense.

The same analytical problem appears when con-

sidering whether larceny from the person is a lesser included offense of robbery or armed robbery. Robbery is committed only when there is larceny from the person, with the additional element of violence or intimidation. Perkins on Criminal Law (2d ed), pp 279, 281. We are committed to the view that the crime of larceny from the person embraces the taking of property in the possession and immediate presence of the victim. *People v Gould,* 384 Mich 71; 179 NW2d 617 (1970). If such taking be by force and threat of violence, it is robbery, and hence every robbery would necessarily include larceny from the person and every armed robbery would necessarily include both unarmed robbery and larceny from the person as lesser included offenses. "Without force" is the absence of an element in this context, it is not an additional element.

In light of the evidence adduced at trial, the jury could have believed defendant's story that he was reluctant to return to the house and intended to rob no one, and that the initial pistol crack across complainant's head by the brother was in retribution for the earlier cane beating defendant had suffered. They could have believed the complainant became unconscious and the men only then decided to take his money. If the money were taken from the complainant under those circumstances, the offense would be larceny from the person. MCLA 750.357; MSA 28.589.

Such a theory is supported by competent evidence and the Court of Appeals was in error in concluding otherwise. *People v Gould,* 384 Mich 71; 179 NW2d 617 (1970).

## III.

We are aware that often both parties prefer that

compromise verdicts be avoided. We do not deny that the possibility of compromise exists. However, as Justice Holmes noted in *Dunn v United States,* 284 US 390, 394; 52 S Ct 189; 76 L Ed 356 (1932): "That the verdict may have been the result of compromise, or of a mistake on the part of the jury is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

While we will not "speculate", as an appellate court it is our responsibility to review jury verdicts to determine whether they are supported by evidence. If the evidence shows that the defendant committed a crime of lesser degree than that with which he was charged, he should be found guilty of *that* offense. He should not escape punishment for lack of evidence of an element not required to convict of the lesser offense. Nor should he be convicted of a higher offense because the jury recognizes that he did commit some offense. Society has a legitimate interest in the jury's freedom to act according to the evidence.

Whenever a court instructs on lesser included offenses, it makes possible compromise verdicts.

Juries in criminal cases often find defendants not guilty or find persons who have committed the charged greater offense guilty of only a lesser offense in the face of the evidence for reasons satisfactory to them. "The very essence of the jury's function is its role as spokesman for the community conscience in determining whether or not blame can be imposed." *United States v Dougherty,* 154 US App DC 76, 105; 473 F2d 1113, 1142 (1972) (Bazelon, C. J., dissenting). The observation was made by the United States Supreme Court in *Duncan v Louisiana,* 391 US 145, 157; 88 S Ct 1444; 20 L Ed 2d 491 (1968) that:

"the most recent and exhaustive study of the jury

[Kalven and Zeisel, *The American Jury* (1966)] in criminal cases concluded that juries do understand the evidence and come to sound conclusions in most of the cases presented to them and that when juries differ with the result at which the judge would have arrived, it is usually because they are serving some of the very purposes for which they were created and for which they are now employed."

The fact of the jury's "exercise of conscience" was recognized by Justice CAMPBELL in *Hamilton v People,* 29 Mich 173, 189–190, 193 (1874):

"It is true that juries in criminal cases cannot properly find a conviction against their consciences. * * * '[I]t is the conscience of the jury that must pronounce the prisoner guilty or not guilty.' "

This exercise of power by the jury in convicting of a lesser offense than may be justified by the court's view of the evidence is another instance of the discretion we see in the daily exercise of power by magistrates, judges, prosecutors and police officers who "divert" and "screen out" apparently guilty persons from the full strictures of the law.[9]

At common law, although the general concept of lesser included offenses was clearly recognized, a person accused of a felony could not be convicted of a misdemeanor.[10] This was due to the fact that persons on trial for misdemeanors were granted certain procedural advantages, "such as the right to make a full defense by counsel, to have a copy of the indictment, and a special jury—rights not allowed when the charge was for a felony". *Hanna v People,* 19 Mich 316, 318–319 (1869). That rule has now disappeared,

[9] Such "diversion" and "screening" are well recognized exercises of prosecutorial discretion, and the police officer on the street of any major city makes numerous decisions each week on whether or not certain individuals should ever be placed into the criminal justice system. *See, e.g.,* Michigan Advisory Commission On Criminal Justice, Criminal Justice Standards & Goals for the State of Michigan, 59, 60, 92–95 (1974). ABA Project on Standards For Criminal Justice, Standards Relating to the Urban Police Function (1973).

[10] 4 Wharton, Criminal Law & Procedure, § 1888 (1957).

as have those reasons for it. It is now generally held that under an indictment for a felony, conviction may be had for any lesser included offense, including a misdemeanor. Indeed in *Hanna, supra,* the Court upheld a jury verdict of guilty of a simple assault and battery upon an original charge of assault with intent to kill.

While the technical reasons that existed for the common law rule have disappeared, we see strong policy reasons which still support that common law qualification on the doctrine of conviction of lesser included offenses. "There would be a great difference between a conviction for manslaughter under an indictment for second degree murder, and a conviction for disturbing the peace under the same charge. Does not the policy against harassment and a continual seige of accusations and charges seem to have some application?" *Comment,* 57 Nw U L Rev 62, 73 (1962). We answer in the affirmative.

We are convinced that the cause of justice is not well served by convicting of assault and battery a defendant charged with murder. As a matter of policy people who commit serious crimes should be punished for those offenses, and those who did not commit such serious crimes should not be tried for those crimes only to be found guilty of a much lower offense. In the example cited, if the most serious offense for which a jury feels conviction is justified is assault and battery, the original charge of murder appears to bear no realistic relationship to the offense committed, and no good purpose would be served by allowing such an instruction.

At some point, both the defendant and the prosecution should be able to prevent any further potential for "compromise". This view

"is not consistent with the underlying principle of the lesser included offense doctrine. It is clearly not undue

harassment of an accused to instruct on an included
crime which approaches the one charged in seriousness
and which is not characterized by a wide discrepancy in
the severity of punishment allowed.

"In reply to the argument that the statutes permit-
ting conviction of lesser offenses allow conviction of
'any' lesser offense which is included in the one
charged, it might be said that the legislature did not
contemplate that defendants would be forced to defend
against an array of charges which might technically
include any number of crimes." *Id.* at 73.

We are establishing a rule today, as a matter of
policy, limiting the extent of compromise allowable
to a jury in deciding whether to convict of a lesser
included offense. In any case wherein the charged
offense is punishable by incarceration for more
than two years, the court, whether or not re-
quested, may not instruct on lesser included offens-
es for which the maximum allowable incarceration
period is one year or less.

In the case at bar, defendant was tried for
armed robbery, an offense punishable by life im-
prisonment as a maximum.[11] Over objection of
defendant, the trial court instructed on two lesser
offenses: unarmed robbery and larceny from the
person. Unarmed robbery is punishable by a term
of imprisonment not to exceed 15 years.[12] Larceny
from the person is punishable by imprisonment
not to exceed ten years.[13] Thus, these instructions
were properly given, notwithstanding objections.

The opinion of the Court of Appeals is reversed,
and defendant's conviction of larceny from the
person is reinstated.

WILLIAMS, LEVIN, and FITZGERALD, JJ., concur-
red with T. G. KAVANAGH, C. J.

---

[11] MCLA 750.529; MSA 28.797.

[12] MCLA 750.530; MSA 28.798.

[13] MCLA 750.357; MSA 28.589.

Ryan, J. took no part in the decision of this case.

M. S. Coleman, J. *(concurring).* I concur in reversing the Court of Appeals and reinstating defendant's conviction.

The question of whether unarmed robbery and larceny from a person are degrees of armed robbery within the meaning of MCLA 768.32; MSA 28.1055 has been troublesome, but I agree that they are "necessarily included offenses".

MCLA 750.529; MSA 28.797 says in part:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years."

It is the taking of "any money or other property, which may be the subject of larceny" which distinguishes this offense from the varieties of assault. Unarmed robbery [MCLA 750.530; MSA 28.798] uses the same language of taking but provides for an assault by one "not being armed with a dangerous weapon" *(absent* the element of dangerous weapon, as the majority states). MCLA 750.357; MSA 28.589 provides the penalty for those committing "the offense of larceny by stealing from the person of another" ("robbery" *absent* the element of force).

The trial judge gave proper instructions.

The judge is responsible for submitting the case to the jury. Although advice of counsel may be requested, the judge alone has the authority to decide what is to be submitted. Indeed, the judge *may* give an "all or nothing" instruction upon

request of defense counsel (see *People v Henry,* 395 Mich 367; 236 NW2d 489 [1975]), but I cannot agree with Justice LINDEMER that the judge *must* give such an instruction if so requested.

In *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), I said the trial judge need not grant defendant's request for an instruction on offenses only vaguely related to the initial charge or without evidentiary support. Similarly, the judge is not restricted in his charge by counsel's demand that the jury consider only the offense charged.

Reluctantly, I agree with Justice LINDEMER's analysis of the majority's opinion as to cutting off included offenses instructions according to penalty. I agree with him because I believe him to be right. The reluctance is born of the foreseeably lengthened "laundry list" of offenses and jurors who would be required to absorb possibly dozens of pages of instructions regarding the many offenses possible under the "cognate", "related" or "allied" offense theory of *Ora Jones.*

LINDEMER, J. *(dissenting).* The majority opinion elicits my dissent.

I differ as to the propriety of the instruction on larceny from a person being given to the jury over defense counsel's objection that "I don't want to give the jury a chance to compromise", and with the majority rule that "[t]he duty of the trial court to instruct on lesser included offenses is determined by the evidence. *People v Phillips,* [385 Mich 30; 187 NW2d 211 (1971)]".

The majority opinion cites three Michigan cases in support of the theory that defense counsel may not direct attention solely to the offense charged or a verdict of not guilty. The first case is *Hanna v People,* 19 Mich 316 (1869). The language cited by

the majority is from the statement of facts printed prior to Justice Christiancy's opinion. The opinion then states, at 318:

"The exceptions taken on the trial raise only the question, whether under this information (which is for an offense not a felony at common law, but made so by our statute), it was competent to find the defendant guilty of a simple assault and battery?"

At that time the courts were divided on whether a verdict of guilty to a misdemeanor would lie in a trial brought on a felony charge. In discussing and resolving that issue the Court never addressed the problem of the trial court giving the objected-to instruction. In *People v Milhem,* 350 Mich 497; 87 NW2d 151 (1957), a trial on a charge of first degree murder, defense counsel's objection to a charge on manslaughter was that there was no evidence to support that charge. The Court quite properly found that evidence did exist to support the charge, but it said nothing of the propriety of giving a charge on a lesser included offense over the objection of defense counsel asserting a compromise-protection purpose. Finally, in *People v Phillips, supra,* at 36, there was no objection by any of three codefendants and, in fact, one defendant requested the lesser included offense instructions. In short, these cases do not support the majority proposition.

The majority view is supported by language in *People v St Martin,* 1 Cal 3d 524; 83 Cal Rptr 166; 463 P2d 390 (1970). That discussion arose after reversal on another issue as one of the other issues that might have arisen on retrial. Further, it arises there in the context of defendant's entitlement to a request on necessarily included offenses. Even if the language were decisional, it is not binding on this Court, and I respectfully disagree with the conclusions reached therein.

As has been demonstrated, the informed choice of defense counsel to restrict attention to the principal charge has not been foreclosed by the majority's cases; neither is it prohibited by statute. MCLA 768.32; MSA 28.1055, simply speaks to the possibility that the jury may find the accused not guilty of an offense in the degree charged in the indictment while still allowing a guilty verdict of any inferior degree of such offense. It does not speak to instructions on lesser included offenses. MCLA 768.29; MSA 28.1052, says that the court shall instruct the jury as to the law applicable to the case, but does not mandate what law is applicable to the case.

In the context of our adversary system of justice, there may be times when, for an attorney to protect his client's interests, he must insist that an "all or nothing" choice be made. To dismiss such trial strategy as gambling, as does the majority, ignores the facts of life about our present criminal justice system.

Aside from the foregoing, the majority has ventured, by way of dicta, into areas of jurisprudence not presented by this case. Its magic wand answers are to questions not asked, on issues not briefed and arguments not made. This Court would be better advised to adopt theories which are propounded and tested below and to which the learned adversaries have directed their attention and talents. I refer specifically to the discussion of instructions on lesser included cognate offenses, to the rule cutting off lesser included offense instructions for which the maximum allowable incarceration period is one year or less when the charged offense is punishable by incarceration for more than two years, and to the policy limitation on the extent of compromise allowable.

The Court of Appeals should be affirmed.