2A:98-1, 2A:98-2 and 2A:85-14.[1] These consolidated appeals followed.

The orders are affirmed substantially for the reasons set forth by Judge Bachman in his opinion reported at 150 N. J. Super. 599 (Law Div. 1977).

Affirmed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. NESTOR LOPEZ, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 21, 1977—Decided June 5, 1978.

[1]We note that the charges in the indictment involving defendant Candito do not specifically charge the aiding and abetting statute, N. J. S. A. 2A:85-14. Such omission is of no legal significance. State v. Cooper, 10 N. J. 532, 568 (1952).

Before Judges FRITZ, BOTTER and ARD.

*Mr. Stephen A. Caruso,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Ms. Susan T. Sinins,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Peter H. Brennan,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

BOTTER, J. A. D. Defendant was charged in two counts with (1) breaking and entering into a building known as the Hurley Building, contrary to *N. J. S. A.* 2A:94–1, and (2) stealing cases of assorted canned food valued between $200 and $500, contrary to *N. J. S. A.* 2A:119–2. In a jury trial two police officers testified for the State. Their testimony showed that defendant and an accomplice broke into the Hurley Building through a window that had been boarded up. They had removed approximately eight cases of canned goods by lowering them to the ground through the window. Other cases were stacked up by the window. As the officers approached the building the two men fled. They were pursued but one escaped. Defendant, who was caught, was continuously in sight of one officer except for a second or two as he rounded a street corner. Defendant refused to halt at the officer's command but he was captured at gun point as he attempted to open the door of his car. The car was parked about a block away from the building.

Defendant testified that he had been at a social club that night until closing and that, after driving some people home, he parked his car and began walking down the street. It was then about 2:30 A.M. He said, "I wasn't headed nowhere, I was looking for somebody." When he did not find the person he was looking for he started to return to his car when a man came running down the street. He said he

"got scared" and "made a move" away from his car. Then he saw two policemen, the State's witnesses, chasing the man. He said: "* * * well, when they came out, they saw me run, you know, that I made a move, and they stopped me and placed me under arrest." Defendant's cousin testified in support of the alibi, claiming he was with defendant at the social club and until about 2:30 A.M. on the night in question.

At the end of the State's case defense counsel moved for a judgment of acquittal. As to the breaking and entry it was urged that the State failed to prove ownership of the building and lack of authority or permission to do what defendant did. This ground is not urged on appeal. Rather, here it is urged that the evidence was insufficient to establish that defendant was one of the men who fled from the building. It is claimed that the lack of proof inheres in the fact that both officers lost sight of the man they were pursuing for some interval of time. We find this contention insubstantial and wholly without merit. There was ample evidence for the jury to find that defendant was one of the men pursued until apprehended. All the evidence, including some of defendant's own testimony, strongly supports the jury's verdict. There is no question that the case was one for the jury. See *State v. Reyes,* 50 *N. J.* 454, 458–459, 464 (1967).

The trial judge's treatment of defendant's motion for acquittal on the larceny count presents an issue that is novel and interesting. The motion was based on the contention that the State failed to prove that the goods had a value exceeding $200. Therefore an indictable offense under *N. J. S. A.* 2A:119–2 was not proved. Defense counsel argued that "at best" the proofs showed a nominal value sufficient to support a conviction for a disorderly person's offense under *N. J. S. A.* 2A:170–30.1. The trial judge correctly concluded that the evidence justified a finding that the goods had *some* value. *State v. Taylor,* 132 *N. J. Super.* 386 (Cty. Ct. 1975); *United States v. DiGilio,* 538 *F.* 2d 972, 978

(3 Cir. 1976), *cert.* den. *sub nom. United States v. Lupo,* 429 *U. S.* 1038, 97 *S. Ct.* 733, 50 *L. Ed.* 2d 749 (1977); *United States v. Thweatt,* 140 *U. S. App. D. C.* 120, 127, 433 *F.* 2d 1226, 1233 (D. C. Cir. 1970); *United States v. Wilson,* 284 *F.* 2d 407, 408 (4 Cir. 1960); *State v. Paramo,* 92 *Ariz.* 290, 293, 376 *P.* 2d 554, 556 (Sup. Ct. 1962); *Boone v. United States,* 296 *A.* 2d 449, 450 (D. C. Ct. App. 1972); *People v. Kelly,* 66 *Ill. App.* 2d 204, 209, 214 *N. E.* 2d 290, 293 (App. Ct. 1965); *Lanham v. Commonwealth,* 250 *Ky.* 500, 504, 63 *S. W.* 2d 585, 587 (Ct. App. 1933). These cases hold that proof of specific value is not required to convict for the petty offense of larceny, so long as the stolen object had some value to the owner that may be inferred from the evidence or may be judicially noticed. See *Evid. R.* 9(2) (d) (a judge may judicially notice matters of common knowledge not susceptible of reasonable dispute, that is to say, a judge is deemed to know what everyone knows); *Evid. R.* 12(1) and (2), authorizing a reviewing court in its discretion to take judicial notice of any matter specified in *Evid. R.* 9, whether or not judicially noticed by the trial judge.

Here the trial judge determined that the goods had some value sufficient to support a conviction for some degree of theft. He said, "* * * I know it has value, but whether it's in excess of two hundred dollars, I don't know." He properly concluded that the jury could not convict defendant of a misdemeanor under *N. J. S. A.* 2A:119–2, but that the proofs would support a conviction of the disorderly persons offense of stealing property whose "price or value * * * is $200.00 or less." *N. J. S. A.* 2A:170–30.1; see *State v. Inman,* 140 *N. J. Super.* 510 (App. Div. 1976). Accordingly, he did not submit the indictable larceny offense to the jury.

However, the trial judge also did not give the jury the lesser included disorderly persons offense. In a side-bar discussion, not recorded and not reconstructed for our bene-

fit, the trial judge apparently advised counsel that he would submit none of the larceny issues to the jury. He gave the jury the breaking and entering count only. On this count the jurors first announced their inability to reach a verdict. The judge asked them to continue deliberating, and they later returned a guilty verdict.

The jury was discharged. Then the trial judge stated that he had reserved the disorderly offense "for determination by the court under the principles * * * set forth in *State v. Saulnier,*" 63 *N. J.* 199 (1973). Defense counsel remonstrated, and the colloquy was as follows:

[DEFENSE COUNSEL]: Your Honor, my understanding of the Saulnier case is that a lesser included charge can be presented. Now, the issue was not presented to the jury as to whether or not there was a feeling of guilt with respect to the charge of larceny irrespective of the amount involved.

THE COURT: Well, the reason I did it is, number one, he's not entitled to a jury trial; and, number two, I didn't want an inconsistent verdict. In other words, I didn't want them to say not guilty of breaking and entering, but guilty of petty larceny, which they could have done by way of compromise. I think I can make the determination. I think it's a safer way, too.

[DEFENSE COUNSEL]: Fine.

THE COURT: Because it does away with this problem of compromise verdicts.

So, I'll enter a verdict of guilty of larceny as a Disorderly Person.[1]
Bail will be continued. The matter will be scheduled for sentencing.

[DEFENSE COUNSEL]: Thank you, Your Honor.

We conclude that the trial judge erred. *State v. Saulnier, supra,* did not address this precise issue. The problem was not presented there because defendant waived trial by jury

[1] *R.* 1:7–4 requires findings of facts and conclusions of law in non-jury civil cases. However, in criminal, *quasi*-criminal and juvenile actions tried without a jury the judge "shall make a general finding and shall, in addition, on request find the facts specially" and shall direct the entry of an appropriate judgment. Appellant complains here that no findings of fact were made by the trial judge. There was no request for such findings. In any case, our disposition makes this issue moot.

on the indictable offense, possession of narcotics, *N. J. S. A.* 24:21–20,(a) (3), and elected to be tried by judge alone. 63 *N. J.* at 202. The Supreme Court ruled prospectively that in these circumstances the trial judge had jurisdiction, without the filing of a complaint, to find defendant guilty of the lesser included disorderly offense, possession of marihuana and hashish of quantities not exceeding 25 grams and 5 grams, respectively, under the common law lesser included offense doctrine.

It is not for the trial judge to arrogate to himself the lesser included offense on the premise that this strategy would avoid a possible compromise verdict. On the contrary, where guilt under a lesser charge could be reached by the jury, it is generally considered improper not to give the jury the lesser offense as well as the greater offense. This principle is usually applied where a criminal offense may be committed in various degrees. *State v. Sinclair,* 49 *N. J.* 525, 543 (1967), where the trial judge charged the jury on first degree murder only, although second degree murder could have been found; *State v. Inman, supra,* where the jury was given the indictable larceny offense only although the lesser disorderly offense of theft could have been found on the evidence. *Cf. State v. Christener,* 71 *N. J.* 55, 69–73 (1976), discussing the coercive prejudice inherent in giving the jury the choice of all-or-nothing, explained further in *State v. Thomas,* 76 *N. J.* 344, at 364–366 (1978).

Neither the State nor a defendant can force an all-or-nothing verdict by rejecting lesser included offense instructions. *People v. St. Martin,* 1 *Cal.* 3d 524, 533, 83 *Cal. Rptr.* 166, 170, 463 *P.* 2d 390, 394 (Sup. Ct. 1970); *People v. Chamblis,* 395 *Mich.* 408, 414, 236 *N. W.* 2d 473, 476 (Sup. Ct. 1975); see *State v. Zelichowski,* 52 *N. J.* 377, 383–385 (1968); *United States v. Methvin,* 441 *F.* 2d 584 (5 Cir.), *cert.* den. 404 *U. S.* 839, 92 *S. Ct.* 130, 30 *L. Ed.* 2d 72 (1971). Although the instruction is viewed as a benefit to defendant because it allows a conviction "of lesser

consequence," *State v. Saulnier, supra,* 63 *N. J.* at 205, it is also in the State's interest to obtain a conviction of a lesser offense when the proofs fail to establish an element of the greater offense. *Id.* It was also observed in *Saulnier* that one trial on the greater and lesser offenses, whether indictable or not, is more efficient and more just. 63 *N. J.* at 205–208. It allows "the factfinder" to determine guilt on either offense in one proceeding, "with finality," barring a subsequent independent prosecution of the lesser offense on principles of double jeopardy. *Id.;* see *Brown v. Ohio,* 432 *U. S.* 161, 168, 97 *S. Ct.* 2221, 2226, 53 *L. Ed.* 2d 187, 196 (1977); *State v. Labato,* 7 *N. J.* 137, 145–146 (1951); *cf. Jeffers v. United States,* 432 *U. S.* 137, 97 *S. Ct.* 2207, 53 *L. Ed.* 2d 168 (1977), rch. den. 434 *U. S.* 880, 98 *S. Ct.* 241, 54 *L. Ed.* 2d 164 (1977).

We think the rule mandates giving the jury one or both offenses, lesser and greater, as the evidence requires. When a defendant has invoked his constitutional right to trial by jury on an indictable offense the trial judge cannot control the verdict by direction on the jury. *Horning v. District of Columbia,* 254 *U. S.* 135, 138, 41 *S. Ct.* 53, 54, 65 *L. Ed.* 185, 186–187 (1920); *United States v. Hayward,* 136 *U. S. App. D. C.* 300, 302, 420 *F.* 2d 142, 144 (D. C. Cir. 1969). See also *State v. Urban,* 3 *N. J. Misc.* 477 (Sup. Ct. 1925), where a deprivation of constitutional dimension was found in the trial judge's action in taking upon himself the right to determine guilt at the close of the evidence in a case tried before a jury. The trial judge ought not to achieve the same purpose, controlling the result, by removing the lesser included offense from the jury even if that offense, standing alone, would have been tried initially without a jury. See *People v. Chamblis, supra,* 395 *Mich.* at 417–423, 236 *N. W.* 2d at 478–481.[2]

---

[2]In *Chamblis* the court recognized that charging the lesser included offense "makes possible compromise verdicts," 395 *Mich.* at 425, 427,

 Absent defendant's consent or other justification, a trial commenced should proceed to conclusion before the chosen factfinder. *State v. Rechtschaffer,* 70 *N. J.* 395, 404–406. "Subsumed in this constitutional protection is the policy to be protected from the harassment of successive prosecutions \* \* \*." *Id.* at 404. With regard to double jeopardy and the doctrine of lesser included offenses, see *Brown v. Ohio, supra; State v. Labato, supra; State v. Zelichowski, supra,* 52 *N. J.* at 385; Annotation, "Acquittal on homicide charge as a bar to subsequent prosecution for assault and battery," 37 *A. L. R.* 2d 1068, 1078 (1954). Defendant's choice of a jury as factfinder on the indictable offense requires that the same factfinder determine guilt or innocence on all degrees of the offense charged or included in the charge by operation of law. We recognize that as a practical matter the tactics employed in a jury trial may differ from those that would be used in a bench trial. We note further that here, after defense counsel completed his summation to the jury on the breaking and entering charge and the jury verdict was received, the judge then adjudged defendant guilty of the lesser larceny offense without hearing summation of counsel directed to that offense. As a result, defendant contends that he was not even granted a separate bench trial on the disorderly offense.

 We conclude that the disorderly persons offense of theft should have been given to the jury as a lesser included offense, even though the indictable charge could not be submitted to the jury for failure of proof of an element of that offense. Once the indictable offense is tried before a jury it is improper, without defendant's consent, to take the lesser included offense from the jury for determination by the

---

236 *N. W.* 2d at 482–483, and it fashioned a rule to prevent undue disparity between the crimes charged, to prevent, for example, charging assault and battery as a lesser included offense to a murder charge. But in *State v. Zelichowski, supra,* our Supreme Court upheld a charge of atrocious and battery as an offense included in a short-form murder indictment. 52 *N. J.* at 385.

judge when the evidence presented to the jury would permit conviction on that offense.

Nothing we say infringes upon the rule that a guilty verdict on a greater offense may be molded and reduced by the court to convict on a lesser included offense upon a finding that the evidence did not justify conviction for the greater offense. *State v. Hauser,* 147 *N. J. Super.* 221, 228 (App. Div. 1977), certif. den. 75 *N. J.* 27, 28 (1977) (breaking and entering with intent to steal narcotics, in violation of *N. J. S. A.* 2A:119–8.1, downgraded to conviction for breaking and entering without breaking with intent to steal in violation of *N. J. S. A.* 2A:94–1, with a maximum sentence of seven years compared to 15 years under *N. J. S. A.* 2A:119–8.1); *United States v. Horning,* 409 *F.* 2d 424 (4 Cir. 1969) (larceny of goods valued at more than $100 downgraded to larceny of less than $100). See *State v. Washington,* 60 *N. J.* 170, 173 (1972). The condition of this rule is that the verdict must constitute a finding "that all the elements of a lesser included offense have been properly established and no prejudice to the defendant will result." *State v. Hauser, supra.*

Accordingly, the judgment of conviction on the disorderly persons offense is reversed and set aside. The conviction and sentence for breaking and entering with intent to steal is affirmed. (Concurrent suspended custodial sentences were imposed). Even if the power exists, see *State v. Menke,* 25 *N. J.* 66, 72 (1957), we exercise our discretion not to remand for retrial on the disorderly persons offense in the unique circumstances of this case.

Affirmed in part; reversed in part; remanded for entry of an amended judgment only.