PEOPLE v STEELE

Docket No. 78562. Argued May 6, 1987 (Calendar No. 14). Decided September 21, 1987.

Chester J. Steele was convicted by a jury in the Luce Circuit Court of two counts of delivery of lysergic acid diethylamide. The court, William F. Hood, J., denied the defendant's request to instruct the jury on the lesser included misdemeanors of possession and use of LSD. The Court of Appeals, ALLEN, P.J., and R. B. BURNS and KAUFMAN, JJ., reversed in an opinion per curiam, finding the request for instructions to be supported by a rational view of the evidence (Docket No. 82502). The people appeal.

In an opinion by Justice BRICKLEY, joined by Justices LEVIN, CAVANAGH, and ARCHER, the Supreme Court *held:*

An appropriate, rational view of the evidence did not warrant an instruction on either lesser included misdemeanor.

1. Whenever an adequate request for an appropriate misdemeanor instruction is supported by a rational view of the evidence adduced at trial, the trial court must give the instruction unless to do so would result in a violation of due process, undue confusion, or some other injustice. A trial court, in its discretion should grant a request for such an instruction where: a proper request is made, an appropriate relationship exists between the charged offense and the misdemeanor, the requested misdemeanor instruction is supported by a rational view of the evidence, the defendant is given adequate notice to defend where the prosecutor requests the instruction, and the requested instruction would not result in undue confusion or injustice.

2. In this case, the Court of Appeals misapplied the conditions for requested lesser included misdemeanor instructions.

REFERENCES

Am Jur 2d, Trial §§ 876-882.

Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.

See also the annotations in the Index to Annotations under Instructions to Jury; Lesser Included Offenses.

Neither use nor possession of LSD had an appropriate rational relationship to the charged offense of delivery of LSD.

Chief Justice RILEY and Justices BOYLE and GRIFFIN concurred in the result and rationale regarding misdemeanor offenses.

Reversed.

150 Mich App 728; 389 NW2d 164 (1986) reversed.

CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED MISDE-
MEANOR OFFENSES.

A trial court, in its discretion, should grant a request for an instruction on a lesser included misdemeanor where: a proper request is made, an appropriate relationship exists between the charged offense and the requested misdemeanor, the requested misdemeanor instruction is supported by a rational view of the evidence, the defendant is given adequate notice to defend where the prosecution requests the instruction, and the requested instruction does not result in undue confusion or injustice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James P. Hoy,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett*) for the defendant.

BRICKLEY, J. In this case, we must decide whether the trial court was correct in denying the defendant's request for instructions on lesser included misdemeanor offenses. The defendant was charged with two counts of delivery of lysergic acid diethylamide (LSD). MCL 333.7401(1), (2)(b); MSA 14.15(7401)(1), (2)(b). He admitted possession and transfer, but claimed that he believed the substance to be mescaline—not LSD.[1] The trial

---

[1] LSD is the diethylamide of lysergic acid, which is derived from ergot or synthesized. It is an hallucinogenic, psychedelic drug.

Mescaline is an hallucinogenic drug obtained from parts of a lophophora genus cactus. See *Dorland's Medical Dictionary* (26th ed), p 799.

court denied defendant's request to instruct the jury on the lesser included misdemeanors of possession of LSD, MCL 333.7403(1); MSA 14.15(7403)(1), and use of LSD, MCL 33.7404(1); MSA 14.15(7404)(1). The court concluded that, pursuant to this Court's decision in *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982), the requested misdemeanor instructions were not supported by a rational view of the evidence.

The Court of Appeals reversed, finding the instructions to be supported by a rational view of the evidence, and that the trial court had abused its discretion in denying the requests.

We reverse the decision of the Court of Appeals and hold that an appropriate, rational view of the evidence did not warrant an instruction on either requested misdemeanor.

## I. FACTS AND PROCEDURE

The defendant was the object of an undercover operation by the Michigan State Police Narcotics Unit. One officer posed as a drug dealer who was buying controlled substances for resale in Canada. Other Michigan State Police officers provided surveillance and support. The undercover officer testified that he gained the defendant's confidence by arranging a meeting through a third party. He then established his interest in purchasing marijuana and LSD.

The charges against the defendant for delivery of LSD resulted from two separate transactions. The first occurred on April 30, 1984. The officer testified that he arrived at the defendant's residence in the early evening and was invited inside. After exchanging greetings, the defendant stated,

Both LSD and mescaline are listed as controlled substances in schedule 1, MCL 333.7212; MSA 14.15(7212). The penalties for delivery, possession, and use are the same for mescaline and LSD.

"You're just the guy I'm looking for. I've got some acid and marijuana for sale." After the officer and the defendant agreed on a price for twenty units of what was analyzed to be LSD, the defendant transferred a portion of the total from a tray in his possession, and the remainder from an envelope in his wife's possession.

The second transaction occurred on June 13, 1984. The officer arrived at the defendant's residence in the evening and was invited in. He testified that he inquired about purchasing more LSD and the defendant stated that they could drive to a point near his source. They left the residence and the officer drove to a location as directed by the defendant. The defendant got out of the vehicle, walked to his source, and returned, stating that only six units were available. They agreed on a price and agreed that the defendant would receive one unit as his payment for procuring the drugs. The defendant left and then obtained six units of LSD after which they returned to the defendant's residence. At the residence, the officer gave one unit of LSD to the defendant, as they had agreed. There was no testimony indicating that the defendant injested this unit.

The officer testified that the term "acid" was one of the many street names for LSD. Other synonyms he had encountered were "cid, scleen, . . . trippers, sunshine, dots, mescaline." He testified that "mescaline" was, to his knowledge, a different chemical compound, but the terms were used interchangeably for LSD in the drug subculture. In fact, he testified that he had never encountered pure mescaline in his experience as an undercover officer, and, regardless of the term used, "when it's tested and analyzed at the lab, [it] comes back as LSD."

The officer stated that he had repeatedly re-

quested to purchase "LSD" and had used that term. He testified that the defendant had referred to the requested LSD by several street names, including "acid" and mescaline; but did not recall him using the term "LSD."

After the issue of entrapment was decided in favor of the state at a pretrial hearing, the defendant testified at trial. He stated that the only reason he became involved with the undercover officer was to get the drugs out of his town.

The defendant testified that he did not believe mescaline and LSD were the same. He stated that he had taken a pill like the one he received in payment for the June 13 transaction, "I didn't see nothing. I laughed a lot." He stated that LSD was an hallucinogen and that only the undercover officer had used the term "LSD."

The defendant did not deny the possession or transfer of the LSD on either occasion in question.

At the close of proofs, the defendant requested lesser included misdemeanor instructions. The trial court referred to the trial brief in which defendant requested instructions on possession of LSD and use of LSD. Circuit Judge William F. Hood denied the requests:

> *The Court:* Well, my understanding of the present rule is that an instruction on a lesser included offense must be supported by a rational view of the evidence, that is, there must be a dispute as to an element differentiating the greater and lesser crimes.
>
> And I am unable to see that we have in this case any dispute as to an element that differentiates delivery from possession. And I do feel that it confuses the jury, and that instructions on either of these offenses of possession or use as requested is [sic] simply not supported by a rational view of the evidence.

The jury returned guilty verdicts for both charges of delivery of LSD.

The Court of Appeals rejected the defendant's entrapment claim, but reversed and remanded for a new trial, holding the refusal to give the requested misdemeanor instructions to be prejudicial error.

## II. ANALYSIS

### A. *STEPHENS*

In *People v Stephens, supra,* this Court overruled a prior decision which disallowed certain lesser misdemeanor offense instructions.[2] We realized that a more flexible approach was required. In essence, the standard we adopted was:

> Whenever an adequate request for an appropriate misdemeanor instruction is supported by a rational view of the evidence adduced at trial, the trial judge shall give the requested instruction unless to do so would result in a violation of due process, undue confusion, or some other injustice. [*Id.,* 255.][3]

We concluded that this rule for lesser included misdemeanor instructions would better serve the

[2] In *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), we formulated the following "misdemeanor cutoff rule":

> We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less.

[3] As we discuss below, this rule is distinct from the approach we developed for lesser included *felony* offense instructions. Cf. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

goals of preventing harassment of the defendant, limiting compromise verdicts, and avoiding jury confusion.

The rule which we developed was adopted from the United States Court of Appeals decision in *United States v Whitaker,* 144 US App DC 344; 447 F2d 314 (1971). Indeed, our conditions parallel the *Whitaker* reasoning. Although we do not follow the federal approach for lesser included felony offenses, we do so in the separate misdemeanor realm. This distinction must be made because the federal courts acknowledge *only* necessarily lesser included offenses; cognate offenses instructions are simply not allowed. Hence, instructions for lesser misdemeanor offenses are less freely given, and, even when the conditions of *Stephens* are met, a trial court retains "substantial discretion" to accept or deny a request. There are five conditions in the *Stephens* test.

The first condition of *Stephens* is that a proper request be made. That is, the party must inform the court of exactly what lesser offenses are being requested. See also *People v Herbert Smith,* 396 Mich 362; 240 NW2d 245 (1976).

The second condition requires that an "appropriate relationship" exist between the charged offense and the requested misdemeanor. This "appropriate" or "inherent" relationship has a two-part inquiry. First, the greater and lesser offenses must both relate to the protection of the same interests. Second, they must be related in an evidentiary manner so that, generally, proof of the misdemeanor is necessarily presented as part of the proof of the greater charged offense.[4]

---

[4] This condition is necessary to prevent misuse of instructions by the defense. As the *Whitaker* court observed:

This latter stipulation is prudently required to foreclose a tendency which might otherwise develop towards misuse by the

The third condition of *Stephens* demands that the requested misdemeanor be supported by a rational view of the evidence at trial. This requirement differs significantly from our decision in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), in which instructions on necessarily included felonies are automatically given, and instructions on cognate included felonies are given if the evidence could support a conviction. For a request for an instruction on a lesser included misdemeanor to be granted, not only must the evidence justify a conviction of the misdemeanor, but, as the *Whitaker* court required:

> [P]roof on the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense. [144 US App DC 347.]

This Court found additional guidance from the United States Supreme Court.

> [A] lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. *Berra v United States,* [351 US 131; 76 S Ct 685; 100 L Ed 1013 (1956)]; *Sparf v United States,* 156 US 51, 63-64 [15 S Ct 273; 39 L Ed 343 (1895)]. In other words, the lesser offense must be included within but not, on the

---

defense of such rule. In the absence of such restraint defense counsel might be tempted to press the jury for leniency by requesting lesser included offense instructions on every lesser crime that could arguably be made out from any evidence that happened to be introduced at trial. "An element of the mercy-dispensing power is doubtless inherent in the jury system, and may well be a reason why a defendant seeks a lesser included offense instruction, but it is not by itself a permissible basis to justify such an instruction." [144 US App DC 349.]

facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. *Berra v United States, supra; Sparf v United States, supra,* at 63-64. [*Sansone v United States,* 380 US 343, 349-350; 85 S Ct 1004; 13 L Ed 2d 882 (1965).]

The United States Supreme Court reasoned that to hold otherwise would be to invite the jury to determine punishment by choosing between the felony and the misdemeanor.[5] *Id.,* p 350, n 6.

Thus, the differentiating elements must be factually disputed, and the dispute must be great enough for a jury to rationally reject the existence of the greater offense and accept the existence of the lesser misdemeanor offense.

The fourth condition of *Stephens* is that if the prosecutor requests the instruction, the defendant must have adequate notice of it as one of the charges against which he may have to defend.

The fifth condition for receiving a misdemeanor instruction requires that the requested instruction not result in undue confusion or injustice. This Court considered that any attempt at formulating an exclusive, mechanistic guideline would be to ignore the reality of variations in fact and law at

---

[5] The *Whitaker* decision acknowledged the *Sansone* reasoning and added the following observation:

> Of course if there is no dispute about the additional fact or facts which, coupled with the lesser included offense, do constitute a greater offense charged originally in the indictment, then the defendant has no right to a lesser included offense charge to the jury. For the trial court to give such a charge would simply be to invite the jury to exercise a degree of mercy by finding him guilty of a lighter offense, when the proof truly justified conviction as charged. [*Id.,* p 347, n 8.]

the trial court level. Accordingly, we vested "substantial discretion" in the trial judge "in determining whether the cause of justice would be served by giving lesser included misdemeanor instructions on the facts of any given case." 416 Mich 265. We articulated the standard for reversal to be "upon a finding of an abuse of discretion." *Id.*

### B. APPLICATION

In the case sub judice, two misdemeanor offense instructions were requested: possession of LSD, and use of LSD. We analyze the requests separately.

### 1. Use of LSD[6]

In his trial brief, the defendant requested an instruction on "[u]se of LSD CJI 12:4:01—use of a controled [sic] substance." However, at trial he did not present an argument supporting this request when the court solicited support for instruction requests.

We find no concern with the first condition of *Stephens;* the trial court's reference to the defendant's specific request in his brief satisfies the need for informing the court of the exact offense requested.

However, the Court of Appeals analysis of the second condition—that there be an appropriate relation—is not convincing. The Court begins its reasoning by employing the abstract method of *Ora Jones, supra,* we explicitly reserved for lesser included felony offenses. Although it may be a useful tool to attempt to categorize a misdemeanor

---

[6] Michigan's Public Health Code defines use of LSD as a misdemeanor, punishable by imprisonment for not more than six months, or a fine of not more than $500, or both. MCL 333.7404(1), (2)(c); MSA 14.15(7404)(1), (2)(c).

as a necessary or cognate offense in determining the relationship to the charged felony, it is neither necessary nor dispositive. Our *Stephens* decision was constructed by reference to the federal system, which does not recognize cognate offenses, and we require *all* lesser misdemeanor requests to relate to the evidence—not abstractions. The Court of Appeals concluded:

> Both offenses, use and possession, would be classified as cognate offenses rather than necessarily included lesser offenses of the offense of delivery. The common element in all three offenses is that the defendant did something unlawful with a controlled substance, here LSD, knowing it to be LSD. This common element is aimed at the same societal interest. Each is designed to protect society from the effects of drug abuse. Each crime also requires proof of an element that the others do not. One requires delivery of LSD; one, use of LSD; and one, possession of LSD. Thus, the offenses are cognate offenses and the second condition of *Stephens* is also met because there is an appropriate relationship between the charged offense and the requested misdemeanors. *Stephens, supra,* p 262. [150 Mich App 728, 741; 389 NW2d 164 (1986).]

As we discussed above, the second condition requires two inquiries: first, whether the offenses relate to the protection of the same interests, and, second, whether, in general, proof of the misdemeanor is necessarily presented as part of the proof of the greater charged offense. We do not discern the second inquiry in the Court of Appeals opinion.[7] By our reasoning, use is never necessarily

---

[7] Indeed, we do not necessarily share the conclusion of the Court of Appeals that use and delivery relate to the protection of the same interests. "[Doing] something unlawful with a controlled substance" and "[protecting] society from the effects of drug abuse" may be somewhat broad, considering that use concerns a personal abuse and delivery concerns commercial distribution with all its attendant ramifications.

presented as part of the showing of delivery.

Indeed, we find no evidence of use in connection with the transactions for which the defendant was standing trial. Deciding the propriety of lesser misdemeanor instructions should not be an excursion into abstractions and admissions without relevance to the charged offenses. It was just such a concern which prompted the *Whitaker* court to require the lesser offense to be established by evidence presented in the proof of the greater offense.

> In the absence of such restraint defense counsel might be tempted to press the jury for leniency by requesting lesser included offense instructions on every lesser crime that could arguably be made out from any evidence that happened to be introduced at trial. [144 US App DC 349.]

The evidence in the case sub judice reveals no use in either transaction; only testimony from defendant's wife that the defendant had taken pills, and testimony from the defendant that he had taken pills "like the one Dave gave me . . . ."[8]

The Court of Appeals concluded that these admissions provided enough factual evidence for the jury to believe defendant was guilty of use, but not delivery.

Because we find the evidence of use to be unrelated to the charged offenses, we reverse the conclusion of the Court of Appeals that an instruction on use of LSD should have been given.

---

[8] The defendant also admitted use and delivery of marijuana, but with no specificity of time and place.

2. Possession of LSD[9]

As is noted above, the defendant specifically requested an instruction on possession of LSD. Thus, the first condition of *Stephens* is met.

There is also an appropriate relationship between delivery and possession. See *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979). First, the aims of prohibiting delivery and possession include the prevention of commercial distribution of dangerous substances. Second, proof of possession is generally necessarily presented as part of the proof of delivery. Thus, a close evidentiary nexus exists.

We are not convinced, however, that the requested possession instruction was supported by a rational view of the evidence as is required by the third condition of *Stephens.* The Court of Appeals advanced several reasons for its conclusion that a possession instruction was supported.

> In proving delivery of LSD, however, the prosecutor must show: (1) that the defendant transferred the substance to another; (2) that the defendant intended to transfer the substance to another; and (3) that the defendant knew the substance was LSD. See CJI 12:2:03. Thus, the knowledge of the substance was in dispute and, therefore, delivery of LSD would have been in dispute. Because delivery is an element which distinguishes delivery of a controlled substance from possession or use of the controlled substance, the trial court erred in refusing to instruct the jury on possession and use of LSD. [150 Mich App 743-744.]

It seems to us that *transfer* is the element which

---

[9] Michigan's Public Health Code defines possession of LSD as a misdemeanor, punishable by imprisonment for not more than one year, or a fine of not more than $1,000, or both. MCL 333.7403(1), (2)(c); MSA 14.15(7403)(1), (2)(c).

distinguishes delivery from possession. We have difficulty in understanding the Court of Appeals syllogism. It appears that the Court is using lack of knowledge to result in lack of transfer; and concludes, therefore, that an element which distinguishes delivery from possession is in dispute. We find this reasoning to be unsound. Even assuming that the Court of Appeals was attempting to show that the mens rea was a distinguishing element, we do not follow the logic. The possession statute requires that a defendant knowingly possess the controlled substance, and the Court of Appeals concluded that delivery also requires knowledge of the controlled substance.[10] Hence, the only element which distinguished possession from delivery was transfer. In this case, transfer was admitted; it is inconceivable that the jury could consistently find the defendant innocent of delivery and guilty of possession. The factual issue—knowledge of the substance—was the same as to both the greater and lesser offenses. Because transfer was not dis-

---

[10] The state seemingly has conceded knowledge in a delivery of LSD offense. However, the statute does not so provide. Our decision in *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978), seems to be the source of this concession. See also CJI 12:2:03. In *Delgado,* we decided that better practice encouraged this heightened mens rea requirement. We stated:

> The knowledge instruction is essential, of course, in cases wherein there is reasonably raised in the evidence the issue of whether the defendant, particularly an aider and abettor, knows the nature of the substance which he is delivering. [404 Mich 86-87.]

We were clearly concerned for an "innocent" defendant. The penalties for delivery of a controlled substance are severe enough to make this requirement essential in certain cases. We note, however, that in this case, the defendant testified that he believed the substance to be a coequal drug as far as penalties are concerned.

Nevertheless, even if delivery is not a "knowledge" offense, it is inconsistent that a jury could acquit the defendant of an offense requiring general intent, and convict of an offense requiring specific intent. As we held in *Stephens, supra,* it is not enough that elements differ.

puted, the third condition of *Stephens* was not satisfied; thus, the misdemeanor instruction on possession was not required.

The Court of Appeals then suggested that the instruction should have been given because a jury may disbelieve undisputed evidence. Although a jury may, in fact, disbelieve what it will, it should not be the duty of a trial court to provide the jury with opportunities to act illogically; such an approach would nullify *Stephens.*

The Court of Appeals also seems to offer an opinion that *Stephens* left the *Kamin* reasoning intact for misdemeanors, that is, if the evidence shows any rational view for convicting of the lesser offense, then the instruction must be given. This is precisely what we did *not* hold. We explicitly held that instructions for lesser included misdemeanor offenses were to be determined by the more stringent conditions which we then articulated.

In the absence of a request by the prosecutor, the fourth element of *Stephens* did not apply.

#### C. ABUSE OF DISCRETION

Because we hold that neither use nor possession instructions were warranted in this case, we need not decide whether the Court of Appeals was correct in its analysis of abuse of discretion.

#### III. CONCLUSION

We hold that the Court of Appeals misapplied the *Stephens* conditions for requested lesser included misdemeanor instructions. Neither use nor possession of LSD had an appropriate rational relationship to the charged felony of delivery of LSD. Accordingly, we reverse the decision of the Court

of Appeals and reinstate the defendant's conviction.

Levin, Cavanagh, and Archer, JJ., concurred with Brickley, J.

Riley, C.J., and Boyle and Griffin, JJ. We concur in the result and rationale regarding misdemeanor offenses.