PEOPLE v JONES

Docket No. 312966. Submitted June 5, 2013, at Detroit. Decided
    September 10, 2013, at 9:05 a.m. Leave to appeal granted, 495
    Mich ___.

Thabo Jones was charged in the 36th District Court with reckless
    driving causing death in violation of MCL 257.626(4). The court,
    Cylenthia L. Miller, J., bound defendant over to the Wayne Circuit
    Court following a preliminary examination. In a prosecution under
    MCL 257.626(4), MCL 257.626(5) prohibits the court from in-
    structing the jury on the lesser included offense of moving viola-
    tion causing death, MCL 257.601d. In a pretrial motion, defendant
    requested that the circuit court instruct the jury on the lesser
    included offense despite the statutory prohibition. The circuit
    court, Richard M. Skutt, J., granted the motion, concluding that
    the statutory prohibition unconstitutionally infringed on the judi-
    cial power to determine court practice and procedure. The pros-
    ecution appealed by leave granted.

    The Court of Appeals held:

    1. Generally, under MCL 768.32(1), upon indictment for an
    offense consisting of different degrees, the jury, or the judge in a
    trial without a jury, may find the accused not guilty of the offense
    in the degree charged in the indictment and may find the accused
    person guilty of a degree of that offense inferior to that charged in
    the indictment, or of an attempt to commit that offense. The
    statutory language concerning inferior offenses refers to any
    offense contained within the charged offense, not just offenses
    within which the Legislature has formally created degrees. The
    offense of moving violation causing death is a necessarily included
    lesser offense of reckless driving causing death. The Legislature
    may, within constitutional limits, alter the definition of a crime so
    that it ceases to be a necessarily included lesser offense of another,
    but the Legislature has not altered the fact that moving violation
    causing death is a necessarily included lesser offense of reckless
    driving causing death. Under Const 1963, art 6, § 5, the Supreme
    Court has exclusive rule-making authority in matters of practice
    and procedure. Under MCL 768.29 and MCR 2.513(A) and (N), the
    courts are to instruct the jury on the law. Correctly instructing the
    jury is a fundamental requirement of the fair and proper admin-

istration of justice. The Legislature's role is only to create the substantive law. If a necessarily included lesser offense exists, it is a violation of the principle of separation of powers for the Legislature to forbid the courts to instruct the jury on that lesser offense. A trial court's duty is to instruct the trier of fact with regard to what the law actually is, and the law is that moving violation causing death is a necessarily included lesser offense of reckless driving causing death. Accordingly, MCL 257.626(5) is an unconstitutional infringement on the exclusive role of the judiciary to establish procedures to vindicate constitutional rights, as well as an infringement on the fundamental right of criminal defendants to a properly instructed jury.

2. MCL 257.626(5) is also infirm because it violates the right to trial by jury in that a criminal defendant charged with reckless driving causing death must give up his or her right to a jury in order for the fact-finder to consider the lesser included offense of moving violation causing death. The plain text of MCL 257.626(5) does not state that a trial court sitting as the finder of fact may not consider the offense of moving violation causing death, nor that it may not convict a defendant of this lesser included offense. Had the Legislature wished to limit the court in this fashion it could readily have included language to that effect. Significantly, under MCL 763.3 and MCR 6.401, a defendant has no right to a bench trial unless the prosecution and the judge agree. Therefore, the statute places defendants in the position of having to trade one right for another without even the ability to make an autonomous choice, and it presents the prosecution with a potentially improper basis for refusing to consent to a requested bench trial. MCL 257.626(5) is unconstitutional as a violation of fundamental due process and the principle of separation of powers.

Affirmed.

K. F. KELLY, P.J., dissenting, would have reversed because the trial court's ruling violated MCL 257.626(5), and the statutory mandate neither deprived defendant of the right to a jury determination of all the elements of the crime charged nor violated the principle of separation of powers. MCL 257.626(5) is within the substantive power of the Legislature because it reflects the Legislature's policy decision that, in certain cases, the jury should not be instructed on certain offenses; it does not concern practice and procedure. Further, the majority's conclusion that the statute allows a judge in a bench trial to find a defendant guilty of a lesser included offense when a jury could not, is contrary to the principle that trial courts are presumed to know the law. Given the clear intent of the Legislature to forbid consideration of the lesser

misdemeanor offense of moving violation causing death when a
defendant has been charged with reckless driving causing death, a
judge trying a case without a jury would understand that he or she
could not convict the defendant of the lesser offense.

CRIMINAL LAW — RECKLESS DRIVING CAUSING DEATH — JURY INSTRUCTIONS —
NECESSARILY INCLUDED LESSER OFFENSES — SEPARATION OF POWERS.

In a prosecution for reckless driving causing death, MCL 257.626(5)
prohibits the court from instructing the jury on the lesser included
offense of moving violation causing death; MCL 257.626(5) is an
unconstitutional infringement on the exclusive role of the judi-
ciary to establish procedures to vindicate constitutional rights, as
well as an infringement on the fundamental right of criminal
defendants to a properly instructed jury; if a necessarily included
lesser offense exists, it is a violation of the principle of separation
of powers for the Legislature to forbid the courts to instruct the
jury on that lesser offense (Const 1963, art 6, § 5; MCL 257.601d;
MCL 257.626; MCL 768.32).

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *Kym Worthy*, Prosecuting Attorney,
and *Timothy A. Baughman*, Chief of Research, Train-
ing, and Appeals, for the people.

*James C. Howarth* for defendant.

Before: K. F. KELLY, P.J., and SHAPIRO and RONAYNE
KRAUSE, JJ.

RONAYNE KRAUSE, J. In this prosecution for reckless
driving causing death, MCL 257.626(4), the prosecution
appeals by leave granted the trial court's order granting
defendant's motion to instruct the jury on the lesser
included offense of moving violation causing death, MCL
257.601d, contrary to the prohibition against doing so
under MCL 257.626(5). The case arises from a three-
vehicle collision in which defendant struck another ve-
hicle, causing the second vehicle to strike a third, killing
the driver of the second vehicle. MCL 257.626(5) states
that "[i]n a prosecution under [MCL 257.622(4) for reck-

less driving causing death], the jury shall not be instructed regarding the crime of moving violation causing death [under MCL 257.601d]." The trial court determined that this statutory prohibition unconstitutionally infringed on the judicial power to determine court practice and procedure. As a constitutional question, we review the matter de novo. *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). Because MCL 257.626(5) is unconstitutional, we affirm.

"It is a general rule of criminal law, that a jury may acquit of the principal charge, and find the prisoner guilty of an offense of lesser grade, if contained within it." *People v McDonald*, 9 Mich 150, 153 (1861). Many crimes, today and at common law, consist of several "concentric layers" of crimes, each of which is in fact another crime with an element added or subtracted; the "rejecting of successive aggravations is a function open to juries in all cases where there is presented to them one offense in which another is inclosed" and "[n]o question has ever been made as to this right on the part of the jury . . . ." 1 Wharton, *A Treatise on Criminal Law* (10th ed), § 27, pp 34-35. See also *Hanna v The People*, 19 Mich 316, 318 (1869). Michigan codified this principle by statute as early as 1846 in 1846 RS, ch 161, § 16, which provided that

> [u]pon an indictment for any offence, consisting of different degrees, as prescribed in this title, the jury may find the accused not guilty of the offence in the degree charged in the indictment, and may find such accused person guilty of any degree of such offence, inferior to that charged in the indictment, or of an attempt to commit such offence.

Our Supreme Court recognized that, at the time, the only crime *formally* divided into degrees was murder, for which no such provision was needed; consequently, the provision must "be construed as extending to all

cases in which the statute has substantially, or in effect, recognized and provided for the punishment of offenses of different grades, or degrees of enormity, wherever the charge for the higher grade includes a charge for the less." *Hanna*, 19 Mich at 321-322. Our Supreme Court eventually concluded that this principle from *Hanna* had become inappropriately extrapolated to include cognate offenses, not only necessarily included offenses. See *People v Nyx*, 479 Mich 112, 118-121; 734 NW2d 548 (2007). However, *Nyx* affirmed the *Hanna* conclusion that the statutory language concerning inferior offenses referred to any offense contained within the charged offense, not just offenses within which the Legislature has formally created degrees. *Nyx*, 479 Mich at 127-129.

Today, MCL 768.32 provides essentially the same rule, with the addition of one enumerated exception, contained in MCL 768.32(2), and an explicit provision for the judge at a bench trial to make the same finding. We find it unambiguous that MCL 768.32(1) embodies a venerable and important rule of common law; consequently, the Legislature is strongly presumed not to have intended any alteration to the common law by enacting it. See *Bandfield v Bandfield*, 117 Mich 80, 82; 75 NW 287 (1898), overruled in part on other grounds in *Hosko v Hosko*, 385 Mich 39; 187 NW2d 236 (1971). Of course, the Legislature *can* abrogate the common law, but "[w]hen it does so, it should speak in no uncertain terms." *Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 74; 711 NW2d 340 (2006).

In an earlier case, this Court determined that the previously noted exception contained in MCL 768.32(2), pertaining to certain drug offenses, is unconstitutional. *People v Binder (On Remand)*, 215 Mich App 30, 38-42; 544 NW2d 714 (1996). While that conclusion has never

been overturned on any substantive basis, our Supreme Court subsequently vacated that portion of this Court's opinion as having been unnecessary to the resolution of the case. *People v Binder*, 453 Mich 915; 554 NW2d 906 (1996). No binding caselaw presently establishes whether MCL 768.32(2) is or is not constitutional.[1] Furthermore, no binding caselaw addresses whether, or to what extent, the Legislature could abrogate the longstanding rule that the trier of fact may find a defendant not guilty of a charged offense in lieu of finding the defendant guilty of a necessarily included lesser offense.

It is axiomatic that the Legislature may establish the elements of a given crime. *People v Calloway*, 469 Mich 448, 450-451; 671 NW2d 733 (2003). The Legislature may, within constitutional limits, therefore, alter the definition of a crime so that it becomes or ceases to be a necessarily included lesser offense of another. There is no dispute before us that moving violation causing death is, by definition, a necessarily included lesser offense of reckless driving causing death; indeed, the prosecution explicitly so agreed at oral argument. The only distinction between the two crimes is that reckless driving causing death requires the motor vehicle to be operated "in willful or wanton disregard for the safety of persons or property . . . ." MCL 257.626(2). The Legislature could have defined a moving violation causing death in such a way that it included an element not present in reckless driving causing death, with the result that the two would be cognate offenses. However, the Legislature did not do so.

---

[1] We respectfully reject the dissent's assertion that we rely on *Binder*. We discuss *Binder* only to explain that it is not binding and therefore has no applicability. Because the parties discussed it, however, we believe we would have been remiss had we failed to address *Binder* at all.

Rather, the Legislature provided that "[i]n a prosecution under [MCL 257.626(4) for reckless driving causing death], the jury shall not be instructed regarding the crime of moving violation causing death [under MCL 257.601d]." MCL 257.626(5). Significantly, this provision (1) does not change the fact that, by definition, moving violation causing death remains a necessarily included lesser offense of reckless driving causing death, (2) does not impose any restrictions on the trial court sitting as the trier of fact at a bench trial, and (3) does not even preclude the jury from *finding* a defendant guilty of the lesser offense.

Pursuant to Const 1963, art 6, § 5, "[t]he supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state." While not present in Michigan's first constitution of 1835, an essentially identical provision is found in all of Michigan's constitutions since 1850. See *McDougall v Schanz*, 461 Mich 15, 26 n 10; 597 NW2d 148 (1999). The courts therefore may "prescribe procedural rules that vindicate constitutional rights," but may not promulgate "procedural rules contrary to legislative enactments that involve nonconstitutional substantive policies." *People v Glass (After Remand)*, 464 Mich 266, 281 n 11; 627 NW2d 261 (2001). Consequently, our Supreme Court has "exclusive rule-making authority in matters of practice and procedure," but may not "enact court rules that establish, abrogate, or modify the substantive law." *McDougall*, 461 Mich at 26-27.

In *People v Cornell*, 466 Mich 335, 353-354; 646 NW2d 127 (2002), our Supreme Court held that only necessarily included lesser offenses could be considered by the fact-finder and observed that this rule extended to misdemeanor offenses. Courts are not free to expand

upon what crimes may be considered by the trier of fact to include what are, essentially, uncharged offenses. *Cornell* therefore stands for the conclusion that the Legislature sets the substantive law. *Id.* at 353. As noted, the Legislature can therefore define what constitutes a given offense. Pursuant to the definitions it crafts, some of those offenses may constitute necessarily included lesser offenses of other offenses. However, the Legislature is not free to dictate that the courts give instructions to the jury that conflict with substantive law. The courts are to instruct the jury on the law; this is established by statute, MCL 768.29, but also by court rule, MCR 2.513(A) and (N), and, importantly, by the simple fact that a jury not properly informed of the law *cannot* fulfill its duty. See, e.g., *People v Potter*, 5 Mich 1, 8-9 (1858); *People v Duncan*, 462 Mich 47, 52-53; 610 NW2d 551 (2000).[2] Correctly instructing the jury, therefore, arguably involves more than mere "substantive law;" it is in fact a fundamental requirement of the fair and proper administration of justice. See *People v Murray*, 72 Mich 10, 16; 40 NW 29 (1888); *People v Townes*, 391 Mich 578, 587; 218 NW2d 136 (1974).

It is the role of the courts to effectuate the right to a properly instructed jury; it is *not* the role of the Legislature to dictate to the courts the details of how to do so. Indeed, in *Cornell* our Supreme Court quoted, seemingly with approval, Justice LINDEMER's dissent in *People v Chamblis*, 395 Mich 408; 236 NW2d 473 (1975),[3] in which he explicitly noted that MCL 768.32 " 'does not speak to instructions on lesser included offenses,' " and that although MCL 768.29 " 'says that

---

[2] *Binder*, 215 Mich App at 40, and *Duncan*, 462 Mich at 49 n 3, both refer to MCR 6.414(F), the predecessor rule concerning jury instructions, which was repealed and incorporated into MCR 2.513 in 2011.

[3] *Chamblis*, 395 Mich 408, was overruled in *Cornell*, 466 Mich 335.

the court shall instruct the jury as to the law applicable to the case, [it] does not mandate what law is applicable to the case.' " *Cornell*, 466 Mich at 349, quoting *Chamblis*, 395 Mich at 433 (LINDEMER, J., dissenting). Trial judges are, to the contrary, permitted to instruct the jury however they believe best, as long as they accurately convey to the jury the material substance of the law applicable to the case. This supports our view that it is the Supreme Court that determines the practice and procedure to be followed by the courts in effectuating the law. If anything, *Cornell* supports our conclusion that determining what instructions should be given to the jury is exclusively the judiciary's role. See *People v Knoll*, 258 Mich 89, 101; 242 NW 222 (1932). The Legislature's role is only to *create* the law.

Consequently, if a necessarily included lesser offense exists, it is a violation of the principle of separation of powers for the Legislature to forbid the courts to instruct the jury on that lesser offense. A trial court's duty is to instruct the trier of fact regarding what the law actually is, and the law actually is that moving violation causing death is a necessarily included lesser offense of reckless driving causing death.

Even if the statute was not invalid as a violation of the constitutional separation of powers, we would have to strike it down as a violation of the right to trial by jury. As discussed earlier in this opinion, MCL 257.626(5) does not state what is or is not a lesser included offense of reckless driving causing death. It merely states that "[i]n a prosecution under [MCL 257.626(4) for reckless driving causing death], the jury shall not be instructed regarding the crime of moving violation causing death [under MCL 257.601d]." MCL 257.626(5). The plain text of the statute does not state that a trial court sitting as the finder of fact may not

consider the offense of moving violation causing death nor that it may not convict a defendant of this lesser included offense. Had the legislature wished to limit the judge in this fashion it could readily have included explicit language to that effect. Our Legislature is presumed to be aware of the consequences of its use or omission of statutory language as well as its effect on existing laws. *In re MKK*, 286 Mich App 546, 556-557; 781 NW2d 132 (2009). See also, *Carson City Hosp v Dep't of Community Health*, 253 Mich App 444, 447-448; 656 NW2d 366 (2002) ("When the Legislature enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional.").[4]

The limitation in MCL 257.626(5) is not a statement of substantive law. Instead, MCL 257.626(5) is an infringement on the exclusive role of the judiciary to establish procedures to vindicate constitutional rights, as well as an infringement on the fundamental right of criminal defendants to a properly instructed jury. MCL 257.626(5) is also infirm in that, under the statute, a criminal defendant must give up his or her right to a jury in order for the fact-finder to consider the lesser included offense. Significantly, a defendant has no right to a bench trial unless the prosecution and the judge agree. MCL 763.3; MCR 6.401. Therefore, the statute places defendants in the position of having to trade one right for another without even the ability to make an autonomous choice, and it presents the prosecution

---

[4] The dissent suggests that we should ignore the plain language of the statute. It states that "the clear intent of the Legislature" would bar a judge from considering the lesser included offense of moving violation causing death. The dissent does not explain, however, what wording in the statute sets out this intent. Rather, the dissent seeks to impose what it views as a reasonable reading of the statute onto words that do not actually so read.

with a potentially improper basis for refusing to consent to a requested bench trial.

We conclude that MCL 257.626(5) is unconstitutional as a violation of fundamental due process and as a violation of the principle of separation of powers. Affirmed.

SHAPIRO, J., concurred with RONAYNE KRAUSE, J.

K. F. KELLY (*dissenting*). I respectfully dissent. MCL 257.626(4) provides that "a person who operates a vehicle in violation of subsection (2) [in willful or wanton disregard for the safety of persons or property] and by the operation of that vehicle causes the death of another person is guilty of a felony . . . ." MCL 257.626(5) further provides that "[i]n a prosecution under subsection (4), the jury shall not be instructed regarding the crime of moving violation causing death." Because the trial court clearly violated the statutory mandate of MCL 257.626(5) by granting defendant's motion to instruct the jury on the misdemeanor offense of moving violation causing death, MCL 257.601d(1),[1] and because the statutory mandate neither deprives defendant of the right to a jury determination of all of the elements of the crime charged nor violates the principle of separation of powers, I would reverse.

MCL 768.32(1) provides:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter [MCL 768.1 through MCL 768.37], the jury, or the judge in a trial without a jury,

---

[1] MCL 257.601d(1) provides that "A person who commits a moving violation that causes the death of another person is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $2,000.00, or both."

may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

In *People v Cornell*, 466 Mich 335, 356; 646 NW2d 127 (2002), our Supreme Court discussed the principles supporting an instruction on lesser included offenses as well as when a necessarily included offense instruction should be given:

> [I]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie(s) it ... (is) entitled to an instruction which would permit a finding of guilt of the lesser offense. But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and the greater offenses. In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for a conviction of the lesser-included offense. [Quoting *Sansone v United States*, 380 US 343, 349-350; 85 S Ct 1004; 13 L Ed 2d 882 (1965) (quotation marks omitted).]

The *Cornell* Court thus held that a court could properly give an instruction on a necessarily included lesser offense "if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it. To permit otherwise would be inconsistent with the truth-seeking function of a trial ...." *Cornell*, 466 Mich at 357.

Defendant argues that MCL 257.626(5) conflicts with the holding in *Cornell* and unconstitutionally infringes

on our Supreme Court's rulemaking authority, violating the separation of powers doctrine. I disagree.

"The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2. The Legislature has the power over matters of substantive law. See *People v Pattison*, 276 Mich App 613, 619-620; 741 NW2d 558 (2007). While the Legislature has the sole power to define crimes and set punishments, *People v Calloway*, 469 Mich 448, 451; 671 NW2d 733 (2003), the Supreme Court has the power to establish practice and procedure, *People v Watkins*, 491 Mich 450, 472; 818 NW2d 296 (2012). Therefore, "the Legislature may not enact a rule that is purely procedural, i.e., one that is not backed by any clearly identifiable policy consideration other than the administration of judicial functions." *Pattison*, 276 Mich App at 619. In the course of deciding whether a statutory rule of evidence violated the principle of separation of powers, our Supreme Court held that the Legislature infringes on the Supreme Court's domain

> only when no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified . . . . Therefore, [i]f a particular court rule contravenes a legislatively declared principle of public policy, having as its basis something other than court administration . . . [,] the [court] rule should yield. . . .
>
> . . . [P]rocedural rules of evidence involving the orderly dispatch of judicial business are those rules of evidence designed to allow the adjudicatory process to function effectively . . . . Examples are rules of evidence designed to let the jury have evidence free from the risks of irrelevancy, confusion and fraud. [*Watkins*, 491 Mich at 474-475, quot-

ing *McDougall v Schanz*, 461 Mich 15, 30-31; 597 NW2d
148 (1999) (quotation marks omitted) (first and third
alterations in original).]

Contrary to the majority's conclusion, MCL 257.626(5)
is obviously not a matter of practice and procedure;
rather, § 626(5) is absolutely within the substantive
power of the Legislature.

*Cornell* clearly stated that MCL 768.32 is not con-
fined to practice and procedure, but is a matter of
substantive law:

> As this Court has recognized, matters of substantive law
> are left to the Legislature. *Determining what charges a jury
> may consider does not concern merely the "judicial dispatch
> of litigation." Rather, the statute concerns a matter of
> substantive law.* As this Court has noted,
>
>> [t]he measure of control exercised in connection with
>> the prevention and detection of crime and prosecu-
>> tion and punishment of criminals is set forth in the
>> statutes of the State pertaining thereto, particularly
>> the penal code and the code of criminal procedure.
>> The powers of the courts with reference to such
>> matters are derived from the statutes.
>
> [*Cornell*, 466 Mich at 353 (emphasis added) (citations
> and quotation marks omitted).]

Our Supreme Court has determined that MCL
768.32, involving the jury's consideration of lesser in-
cluded offenses, is a matter of substantive law; it follows
that MCL 257.626(5) is also a matter of substantive law.
MCL 257.626(5) identifies two specific offenses, prohib-
iting a jury instruction on the less serious offense when
the more serious one has been charged. It reflects the
Legislature's policy decision that, in certain cases, the
jury shall not be instructed on certain offenses. Conse-
quently, § 626(5) is within the Legislature's power over

matters of substantive law and does not violate the separation of powers doctrine.

I find unavailing the majority's reliance on *People v Binder (On Remand)*, 215 Mich App 30; 544 NW2d 714 (1996). In *Binder*, the defendant was charged with delivery of a controlled substance, and MCL 768.32(2) specifically prohibited the trial court from instructing the jury on mere possession. *Id.* at 32-33. The Court of Appeals held that MCL 768.32(2) was contrary to the constitutional doctrine of separation of powers. *Id.* at 41-42. Our Court stated that "once the Supreme Court takes action on a matter relating to practice or procedure, the Legislature is without authority to set other requirements." *Id.* at 40. Our Court concluded that the Supreme Court demonstrated its intent to occupy the domain of jury instructions by court rule and case law and, therefore, MCL 768.32(2) was an impermissible infringement on the Court's rulemaking authority. *Id.* at 40-42. However, our Supreme Court vacated

> the portion of the judgment of the Court of Appeals that held the lesser offense and jury instruction provisions of MCL 768.32(2) unconstitutionally infringe on the Supreme Court's authority over practice and procedure, . . . because it was unnecessary for the Court of Appeals to reach this constitutional question after determining that the defendant's conviction would be affirmed in any event. [*People v Binder*, 453 Mich 915; 554 NW2d 906 (1996) (citation omitted).]

Because that portion of *Binder* was specifically vacated by the Supreme Court, no binding authority supports the majority's conclusion. Statutes are presumed constitutional, and courts must construe statutes as constitutional unless the unconstitutionality of a statute is clearly apparent. *People v Dipiazza*, 286 Mich App 137, 144; 778 NW2d 264 (2009). That a statute may appear ill-advised does not make it unconstitutional and em-

power a court to override the Legislature. *People v Boomer*, 250 Mich App 534, 538; 655 NW2d 255 (2002).

Finally, while the majority expresses concern that MCL 257.626(5) effectively allows a judge, sitting without a jury, to find a defendant guilty of a lesser included offense, I believe that such an assumption is contrary to the longstanding principle that "[i]n a bench trial, the trial court is presumed to know the applicable law." *People v Lanzo Constr Co*, 272 Mich App 470, 484; 726 NW2d 746 (2006); see also *People v Cazal*, 412 Mich 680, 691 n 5; 316 NW2d 705 (1982) (stating that a trial court is not required in a bench trial to give instructions in open court on the law to be applied). Given the clear intent of the Legislature to forbid consideration of the lesser misdemeanor offense of moving violation causing death when a defendant has been charged with reckless driving causing death, a judge trying a case without a jury would surely understand that he or she could not convict the defendant of the lesser offense.

For these reasons, I would reverse.