# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

RAPHEL DANGELO DORROUGH,

    Defendant-Appellant.

UNPUBLISHED
October 21, 2014

No. 315763
Genesee Circuit Court
LC No. 12-030958-FH

Before: JANSEN, P.J., and SAAD and DONOFRIO, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of operating while intoxicated causing death, MCL 257.625(4), and reckless driving causing death, MCL 257.626(4), for which he was sentenced to concurrent prison terms of 86 months to 15 years. We affirm.

During the early morning hours of June 7, 2011, Jaryn Stevens asked his best friend, Larenzo Bradford, for help because Stevens's car had run out of gas. Bradford responded to Stevens's plight, and Stevens got out of his car as Bradford filled the gas tank for him. Bradford noticed a car approaching from behind Stevens's car "faster than normal." Bradford, concerned that the oncoming vehicle was going to hit Stevens's car, told Stevens, "[W]e got to move out of the road." Just as the oncoming car was about to hit Stevens's disabled car, it swerved into the lane where both men were standing, hitting them. Bradford was injured and Stevens was killed.

Defendant argues that the trial court erred by declining his request to instruct the jury regarding the alleged contributory negligence of Stevens. In particular, defendant maintains that the jury should have been permitted to determine (1) whether Stevens was grossly negligent in jumping out in front of defendant's vehicle, and (2) whether Stevens's alleged gross negligence was an intervening, superseding cause that displaced defendant's driving as the proximate cause of Stevens's death. We disagree.

Issues of law arising from jury instructions are reviewed de novo on appeal, but the trial court's determination whether an instruction is applicable to the facts of the case is reviewed for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006); *People v Hartuniewicz*, 294 Mich App 237, 242; 816 NW2d 442 (2011).

A defendant is entitled to have a properly instructed jury consider the evidence against him. *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). The trial court must instruct

-1-

the jury not only on all the elements of the charged offense, but also on material issues, defenses, and theories that are supported by the evidence. *People v Anstey*, 476 Mich 436, 453; 719 NW2d 579 (2006). The trial court is only required to give an instruction if it is supported by the evidence. *People v McKinney*, 258 Mich App 157, 163; 670 NW2d 254 (2003). "Even if the instructions are imperfect, there is no error if they fairly presented the issues to be tried and sufficiently protected the defendant's rights." *People v Milton*, 257 Mich App 467, 475; 668 NW2d 387 (2003).

Causation is an issue for the finder of fact. *People v McKenzie*, 206 Mich App 425, 431; 522 NW2d 661 (1994). "In criminal jurisprudence, the causation element of an offense is generally comprised of two components: factual cause and proximate cause." *People v Schaefer*, 473 Mich 418, 435; 703 NW2d 774 (2005), modified on other grounds by *People v Derror*, 475 Mich 316 (2006). A defendant's conduct is a factual cause of an injury if the injury would not have occurred but for the defendant's conduct. *Schaefer*, 473 Mich at 436. For a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a direct and natural result of the defendant's actions. *Id.* In determining whether proximate causation exists, "it is necessary to examine whether there was an intervening cause that superseded the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken." *Id.* at 436-437. "The standard by which to gauge whether an intervening cause supersedes, and thus severs the causal link, is generally one of reasonable foreseeability." *Id.* at 437.

"Proximate causation 'is a legal construct designed to prevent criminal liability from attaching when the result of the defendant's conduct is viewed as too remote or unnatural.' " *People v Feezel*, 486 Mich 184, 195; 783 NW2d 67 (2010), quoting *Schaefer*, 473 Mich at 436. "Ordinary negligence is considered reasonably foreseeable, and it is thus not a superseding cause that would sever proximate causation." *Id.* Gross negligence is "more than an enhanced version of ordinary negligence" and means " 'wantonness and disregard of the consequences which may ensue. . . .' " *Id.*, quoting *People v Barnes*, 182 Mich 179, 198; 148 NW 400 (1914).

The contributory negligence instruction requested by defendant, CJI2d 16.20, provides: "If you find that [the deceased] was negligent, you may only consider that negligence in deciding whether the defendant's conduct was a substantial cause of the accident." Both crimes for which defendant was charged contain an element of causation. The court instructed the jury according to CJI2d 15.11, operating while intoxicated causing death, and specifically recited the causation element relevant to the issue:

> Fifth, that the *defendant's operation of the vehicle caused the victim's death*. To "cause" the victim's death, the defendant's operation of the vehicle must have been *a factual cause* of the death, that is, *but for the defendant's operation of the vehicle the death would not have occurred*. In addition, operation of the vehicle must have been *a proximate cause of death*, that is, death or serious injury must have been *a direct and natural result of operating the vehicle*. [Emphasis added.]

Likewise, the court instructed the jury according to CJI2d 15.16, reckless driving causing death, including the causation requirement of that offense:

-2-

Third, that the *defendant's operation of the vehicle caused the victim's death*. To "cause" the victim's death, the defendant's operation of the vehicle must have been *a factual cause* of the death, that is, *but for the defendant's operation of the vehicle the death would not have occurred*. In addition, operation of the vehicle must have been *a proximate cause of death*, that is, death or serious injury must have been *a direct and natural result of operating the vehicle*. [Emphasis added.]

Stevens's alleged contributory negligence was only relevant, if at all, to the issue of whether defendant's driving was a proximate cause of Stevens's death. The record shows that Stevens remained inside his disabled car until Bradford arrived with the gasoline necessary to get the vehicle running again. Stevens got out of the car as Bradford filled the gas tank for him. When Bradford noticed defendant's car approaching from behind at a high rate of speed, Bradford told Stevens, "[W]e got to move out of the road." This statement was presumably made with great urgency. The record shows that, while Bradford sought protection from Stevens's car, Stevens "made a run for it" in reaction to the imminent danger.

Applying the reasoning of *Feezel* and *Schaefer* to the facts of this case, it is clear that the factual cause of Stevens's death was defendant's conduct, because the death would not have occurred but for defendant's driving. *Schaefer*, 473 Mich at 436. In addition, Stevens's death was the direct and natural result of defendant's driving; therefore, defendant's driving constituted the proximate cause of Stevens's death as well. *Id*. Even viewing the evidence in a light most favorable to defendant, reasonable minds could not logically conclude that Stevens's actions, in attempting to flee the imminent danger posed by defendant's rapidly approaching vehicle, were grossly negligent or in "wanton disregard of the consequences." To the contrary, Stevens was reacting to Burton's warning and likely his own perception of the danger when he tried to avoid it. Thus, Stevens's actions were not a superseding, intervening cause sufficient to break the causal chain between defendant's conduct and Stevens's death, *Schaefer*, 473 Mich at 438, and did not support the requested contributory-negligence jury instruction. And even if Stevens's actions could be viewed as rising to the level of ordinary negligence, those actions were reasonably foreseeable by defendant under the circumstances and accordingly not a superseding cause that would sever proximate causation. *Feezel*, 486 Mich at 193, citing *Schaefer*, 473 Mich at 437-438. Because the record does not show that the actions of Stevens rose to the level of gross negligence, as is required to constitute an intervening, superseding cause sufficient to break the causal chain, the trial court properly declined to give the contributory negligence instruction.

Defendant next argues that, because the offenses of operating while intoxicated[1] and reckless driving are, by definition, necessarily included lesser offenses of operating while

---

[1] Defendant frames the issue on appeal as an error in failing to instruct on "operating while impaired." This is incorrect, as the record quite clearly reveals that the instruction requested by defendant's trial counsel was for "operating while intoxicated," and that he cited CJI2d 15.1 numerous times. This Court assumes, based on the record, that the challenged instruction is the "operating while intoxicated" offense of MCL 257.625(1) and CJI2d 15.1.

intoxicated causing death and reckless driving causing death, the jury should have been instructed on these lesser offenses. Again, we disagree.

Whether an offense is a lesser-included offense is a question of law that this Court reviews de novo. *People v Heft*, 299 Mich App 69, 73; 829 NW2d 266 (2012). "[A] trial court's determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *Gillis*, 474 Mich at 113. Whether instructional error violates a defendant's constitutional rights is a question of law that this Court reviews de novo. *Heft*, 299 Mich App at 73.

The trier of fact may find a defendant guilty of a lesser offense if the lesser offense is necessarily included in a greater offense. *Heft*, 299 Mich App at 73. To be a lesser included offense, the elements necessary for commission of the greater offense must subsume the elements necessary for commission of the lesser offense. *Id.* The elements of the lesser offense are subsumed when all the elements of the lesser offense are included in the greater offense. *Id.* If the trial court does not instruct the jury on a lesser included offense, the error requires reversal if the evidence at trial clearly supported the instruction. *Id.* "However, the trier of fact may only consider offenses that are 'inferior to the greater offense charged.' The trier of fact may not consider cognate offenses." *Heft*, 299 Mich App at 74, citing *People v Cornell*, 466 Mich 335, 354–355; 646 NW2d 127 (2002). Cognate offenses share several elements, and are of the same class or category as the greater offense, but the cognate lesser offense has some elements not found in the greater offense. *People v Mendoza*, 468 Mich 527, 532 n 4; 664 NW2d 685 (2003).

A requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it. *Cornell*, 466 Mich at 357. To be supported by a rational view of the evidence, a lesser included offense must be justified by the evidence. *People v Steele*, 429 Mich 13, 20; 412 NW2d 206 (1987), overruled in part on other grounds by *Cornell*, 466 Mich at 335. Proof of an element differentiating the two crimes must be in dispute sufficiently to allow the jury to consistently find the defendant not guilty of the charged offense but guilty of the lesser offense. *Steele*, 429 Mich at 20; *Heft*, 299 Mich App at 77.

Defendant was charged with operating a vehicle while intoxicated causing death, MCL 257.625(4), which is made up of the following elements:

> (1) the defendant was operating his or her motor vehicle in violation of MCL 257.625(1), (3), or (8); (2) the defendant voluntarily decided to drive, knowing that he or she had consumed an intoxicating agent and might be intoxicated; and (3) the defendant's operation of the motor vehicle caused the victim's death. [*Schaefer*, 473 Mich at 434.]

The lesser offense of operating a vehicle while intoxicated, MCL 257.625(1), is made up of the following elements:

> (1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state

-4-

if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means either of the following:

> (a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance or other intoxicating substance.

> (b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, or, beginning October 1, 2018, the person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

See also *Bloomfield Twp v Kane*, 302 Mich App 170, 182; 839 NW2d 505 (2013).

Defendant was also charged with reckless driving causing death, which requires that (1) the defendant operates a motor vehicle "in willful or wanton disregard for the safety of persons or property," and (2) the defendant's operation "causes the death of another person." MCL 257.626(4); see also *People v Jones*, 302 Mich App 434, 439; 839 NW2d 51 (2013). To be convicted of reckless driving, a defendant must have operated a vehicle with "willful or wanton disregard for the safety of persons or property." MCL 257.626(1). The language of the misdemeanor reckless driving offense is identical to the more serious offense of reckless driving causing death, except for the "causing death" element.

Defendant requested that the trial court instruct the jury on the crimes of operating while intoxicated, CJI2d 15.1, and reckless driving, CJI2d 15.15, as necessarily included lesser offenses. We agree that operating a motor vehicle while intoxicated is a necessarily included lesser offense of operating a motor vehicle while intoxicated causing death, and that reckless driving is a necessarily included lesser offense of reckless driving causing death. See *Heft*, 299 Mich App at 73. However, we cannot conclude that the trial court abused its discretion by declining to give the requested instructions because, as the trial court observed, they were not supported by a rational view of the evidence:

> Since the evidence is overwhelming that the deceased died as a result of being struck by the motor vehicle in this case—there is definitely a death. He was struck by a motor vehicle. There is no evidence other than that this defendant is the one driving the motor vehicle, the Nissan, at the time. I think a rational view of the evidence does not support the lesser includeds.

The record supports the court's finding in this regard and we perceive no error. The "causing death" element, which differentiated the charged offenses from the lesser offenses in question, was not sufficiently in dispute to allow the jury to find defendant not guilty of the charged offenses but guilty of the lesser offenses. *Steele*, 429 Mich at 20; *Heft*, 299 Mich App at 77. The trial court did not err by determining that the requested instructions were not supported by a rational view of the evidence. *Cornell*, 466 Mich at 357.

Affirmed.

/s/ Kathleen Jansen
/s/ Henry William Saad
/s/ Pat M. Donofrio
