# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANTONIO DEVLE SMITH,

      Defendant-Appellant.

UNPUBLISHED
April 21, 2016

No. 325983
Oakland Circuit Court
LC No. 2014-250336-FH

---

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Antonio Devle Smith, appeals by delayed leave granted the trial court's sentence after he pleaded guilty to possessing a controlled substance with intent to deliver, MCL 333.7401(2)(b)(*ii*), and possessing marijuana, MCL 333.7403(2)(d). The trial court sentenced him as a third habitual offender, MCL 769.13, to serve 16 months to 14 years in prison for the controlled substance conviction and to serve one year in prison for the possession of marijuana conviction. Because Smith has not demonstrated that the trial court erred, we affirm.

Smith contends that the trial court erred when it denied his motion to correct the judgment of sentence because it was invalid, see MCR 6.429(A), or, in the alternative, there was a mistake, see MCR 6.435. This Court reviews de novo a trial court's interpretation and application of statutes and court rules. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

Smith pleaded guilty to violating MCL 333.7401, and, as part of his plea, he agreed that he possessed the controlled substance with the intent to "share . . . with other people, either friends or acquaintances . . . ." He contends that the judgment of sentence contains a clerical error because the shorthand label for his crime lists delivery instead of possession with intent to deliver. Additionally, he argues that the Prosecuting Attorneys Coordinating Council (PACC) code of "333.74012B-A" listed on the judgment of sentence should be changed to MCL 333.7401(2)(b)(*ii*) to "more accurately reflect" his plea. He maintains this is necessary to show his actual crime to any prospective employer, company, person, court or law enforcement agency, and states that an accurate description might also affect parole.

It is undisputed that possession with the intent to deliver encompasses possession with the intent to "share." See MCL 333.7105(1); *People v Steele*, 429 Mich 13, 25-26; 412 NW2d 206 (1987). Accordingly, when Smith agreed that he possessed the substance with the intent to

-1-

share it, he admitted that he possessed the substance with the intent to deliver contrary to MCL 333.7401. See MCR 6.302(D)(1). Nevertheless, Smith would have this Court divide the statute into separate specific parts and require trial courts to fashion separate labels to reflect all the ways that a person might violate the statute. However, he has not identified the legal or factual basis for this argument. An appellant "may not merely announce their position and leave it to this Court to discover and rationalize the basis for their claims; nor may they give issues cursory treatment with little or no citation of supporting authority." *Vanderwerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008). Consequently, he has abandoned this argument on appeal. In any event, the label used on the judgment of sentence correctly describes the crime to which Smith pleaded guilty, even if it does not reflect the specific factual basis for his particular violation. Under MCR 6.427(3), the judgment of sentence must include "the crime for which the defendant was convicted," but the crime can be identified without identifying the specific subset of facts giving rise to the conviction.

Smith has also failed to show that the judgment of sentence requires correction under MCR 6.429(A) or MCR 6.435. He has not demonstrated that the judgment of sentence was invalid. See *People v Whalen*, 412 Mich 166, 169-170; 312 NW2d 638 (1981). Further, Smith has not demonstrated that the judgment of sentence or the presentence investigation report contained inaccurate information, or that the judge misspoke, or the clerk made a typing error, or that there was a clerical error. *People v Miles*, 454 Mich 90, 96-97; 559 NW2d 299 (1997); MCR 6.435(A).

We also do not agree that the judgment of sentence must be corrected because it uses a PACC code to identify the crime, or because the code appears in the box that could be used for a citation to the compiled laws. PACC codes are routinely used in sentencing, and a review of PACC 333.74012B-A shows that it applies to the possession of a controlled substance with the intent to deliver contrary to MCL 333.7401(2)(b)(*ii*). There is no need for clarification where the conviction is clearly designated by the PACC code. See *People v Kuchciak*, 467 Mich 873; 651 NW2d 67 (2002).

The trial court did not err when it denied Smith's motion to correct the judgment.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly